[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 76 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 77 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 78 
The principal question in this cause is whether the appellants have any interest in the land in question; and that depends on the true construction of the leases or licenses given by the commissioners of the land office, and under which the appellants claim the land. The commissioners in their deed or act of license, simply say that the lands "are hereby "set apart to the said R.G., for the purpose of erecting works "thereon, for the manufacture of coarse salt, pursuant to the *Page 79 
"provisions of art. 4, of title 10, of chapter 9, of part 1 of the "revised statutes." On referring to the provisions of the statute on the subject, (1 R.S. 266, 267, §§ 90 to 95,) it appears that any individual or incorporated company, intending to erect works for the manufacture of coarse salt, may make application to the commissioners of the land office in the manner therein prescribed, for the "quantity of land necessary "to the erection thereof." "The commissioners of the land "office shall thereupon set apart such land, or so much thereof "as they shall deem reasonable for the purposes of such individual "or company, in a compact form," c.
"§ 107. [Sec. 94.] Such individual or company shall thereafter "have four years to complete the works thereon; but if "the individual or company shall not, within one year thereafter, "commence such works, and actually expend thereon at "least one-tenth part of the capital so specified, such location "shall be void; and the land, except such parts thereof as "shall have works actually erected thereon, shall be liable to "be located by any other individual or company."
"§ 108. [Sec. 95.] Any part of such location which, at the "expiration of said four years, shall not be actually occupied "by manufactories of coarse salt, pursuant to the intention of "the original location, may be again set apart, by the commissioners" "of the land office, to any other person or company, "for the erection of such manufactories."
It is manifest from these provisions of the statute, that the legislature did not intend to give the applicant any right of occupancy, or interest in the land of the state, set apart to him, beyond what he should actually cover, within four years, with works erected for the manufacture of salt; and as the licenses of the commissioners of the land office, in this case, neither gave, nor professed to give the applicants or lessees any other interest or right than that specified in the statute, they cannot rightfully claim any interest or right in the land of the state, set apart to them, which was not covered by their works within four years after they obtained their licenses. As the land in *Page 80 
question was not so covered, the decision of the judge on the trial, and the judgment of the supreme court approving of the same, are in our opinion correct.