## LEWIS & COMPANY *vs.* CHISHOLM.

1. Since the act of 1881, where only one of two joint defendants moved for a new trial, and the bill of exceptions to the overruling of the motion was in the name of both, it could be amended so as to conform to the record.

(*a.*) Would not a reversal, on exception, by one joint defendant, work a reversal as to both? *Quære.*

2. A landlord leased certain stores to tenants at a stipulated price, payable monthly. The landlord agreed to keep the building in good repair, and to pay the tenants any damage they might sustain by his neglect to do so.

*Held*, that the covenant to pay rent and that to repair were independent covenants, and, therefore, a failure to repair did not work a forfeiture of the rent, but gave a right of action, or of recoupment to the tenant.

3. Where a landlord covenants to keep premises in repair, his failure to do so, whereby their use by the tenant is impaired, will not work a forfeiture of the rent, unless the premises become untenantable and a constructive eviction results. The remedy of the tenant is, after reasonable opportunity to the landlord, and failure by him to repair, to make the repairs himself and look to the landlord for reimbursement, or to occupy the premises without repair, and hold the landlord responsible for damages by action, or by recoupment to an action for the rent.

(*a.*) In Georgia the duty of keeping premises in repair is on the landlord, in the absence of any covenant on that subject.

Landlord and Tenant. Contracts. Damages. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

Reported in the decision.

MYNATT & HOWELL, for plaintiffs in error.

E. N. BROYLES ; ALEX. R. JONES, for defendant.

SPEER, Justice.

The defendant in error sued out a distress warrant against the plaintiff in error to recover an amount claimed

for rent, under the contract stated in the following affidavit :

" STATE OF GEORGIA—Fulton County.

In person appeared before me, the undersigned, a justice of the peace in and for said county, W. P. Chisolm, agent for Mrs. Martha B. Chisolm, who being duly sworn, deposes and says, that heretofore, on the first day of September, in the year 1875, said W. P. Chisholm made and entered into a certain written mutual agreement with Henry Lewis and T. Sumner Lewis, partners, under the firm name and style of H. Lewis & Co., a copy of which said agreement is as follows, to-wit :

'Memorandum of an agreement made this first day of September, A. D. 1875, between Willis P. Chisolm, agent for Mrs. Martha B. Chisolm, of Atlanta, Fulton county, Georgia, of the first part, and Henry Lewis and T. Sumner Lewis, doing business in the firm name of H. Lewis & Co., of the same place, of the second part :

Witnesseth, said Chisolm, agent, agrees to lease, and by these presents does lease, to the party of the second part a building just completed by Messrs. Cook, Gunby & Co., two stores, brick and rock basement, on the south side of Alabama street, near the Georgia Railroad depot, in said city of Atlanta, for the term of ten (10) years, with the privilege of five (5) years more, making fifteen (15) years in all, for the annual rental of thirteen hundred and twenty (1320) dollars, payable monthly, one hundred and ten (110) dollars per month. He further agrees to keep the building in good repair, and to pay said H. Lewis & Co. any damage they may sustain by his neglecting so to do, also to protect them in the peaceable occupation of the premises against any party or parties whatsoever.

In the event the building shall be destroyed by fire or otherwise, the rent is to cease until it can be replaced, which said Chisolm, agent, agrees to have done without unnecessary delay.

In consideration of the above, said party of the second part agrees to pay the rent as above specified.

In witness whereof, said parties hereto affix their names and seals.

H. LEWIS & CO. [L. S.]
W. P. CHISOLM,
*Agent for Mrs. Martha B. Chisolm,* [L. S.]' "

To this distress warrant the defendants below filed their counter-affidavit, denying any rent was due or to become due, alleging that plaintiff had failed to keep the premises in repair as he had agreed to do, by reason of which de-

fendants were forced to leave the premises. They also pleaded, by way of recoupment, fifteen hundred dollars damages, sustained by reason of the failure of plaintiff to keep the premises in repair, and cost of their removal, loss of time, employes, etc. On the issues thus made, the jury, under the evidence and charge of the court, rendered a verdict for the plaintiff. A motion for a new trial was made, on various grounds as set forth, which was over-ruled, and defendants excepted.

When the case was called here a motion was made to dismiss this writ of error on the ground that T. S. Lewis, one of the defendants, alone made a motion for new trial, and to the refusal of which H. Lewis & Co. filed their bill of exceptions.

It appears from the record the distress warrant was sued out against H. Lewis & Co., who were the parties defendant that signed the contract of lease, and who also filed the counter-affidavit, and the cause thus proceeded to judgment, but that T. S. Lewis, one of the defendants, in his own name, filed the motion for new trial. That he had the right to make the motion for new trial is not questioned, but whether H. Lewis & Co. could except to the decision rendered against him, refusing a new trial, is the question. That this bill of exceptions would avail T. S. Lewis there is no doubt, since it could be amended by striking the other co-plaintiff, and thus make it conform to the record. See Acts 1881. It, however, is not neces-sary for us, under the view we take of this case, to decide what would be the effect of the judgment below, as to H. Lewis, in the event of a reversal here of the judgment excepted to by T. S. Lewis. If we analogize it to a case of appeal the rule is, where one or more of the parties appeal and the others refuse, the whole record is taken up and all shall be bound by the final judgment, but in case damages shall be awarded upon such appeal, such damag-es are recoverable alone against the party appealing and his security, and not against the party failing or refusing to appeal. Code, §3620.

So Powell on Appellate Proceedings lays down the rule: "If the judgment be against several as a joint judg-ment and joint interest, and not severable, it is an en-tirety, and the reversion will be as to all, though the error assigned affected and related to the case of one only; as where there is a judgment against two for the payment of money and one is an infant, against whom the judgment would be erroneous, upon error the judgment would be reversed as to both." Powell on App. Proceedings, 285; 14 Ohio, 413.

But it is not necessary for us to decide this question. We will treat it as though the bill of exceptions were amended by the record, and the only plaintiff in error before this court was T. S. Lewis. Neither do we intend to say that this motion for a new trial should not have been demurred to on the hearing below, so as to allow the amendment and have proper parties made then. It was evidently a mere clerical omission, as appears from the whole record; and the judgments we here pronounce will dispose of these questions without deciding them. The motion to dismiss the writ of error is therefore overruled.

2. The important legal question that is involved, and which must control the controversy between these parties, is to be found in the charge given by the court to the jury, and made a ground of exception in the fourth ground of the motion for new trial, as follows: "The court is of opinion and so instructs you that, under the contract of lease, which you have out before you, the covenant of the land-lord to make repairs is an independent covenant, and a mere failure to make repairs to the extent of merely di-minishing the value of the use of the premises, and not to entirely destroy it, would not defeat his right to recov-er, but would authorize the diminuition of the rent to an amount that you find is right for a failure to make re-pairs."

Was the court right in advising the jury that the cove-nant of the landlord to make repairs, under this lease, was

v 68—4

an independent covenant? For if so, then the consequences stated by the court follow logically, and plaintiff below is entitled to recover, subject, of course, as the court said, to such diminuition of the rent as the jury might find is right for the failure to make repairs.

The Code declares that the dependence or independence of covenants or conditions must be collected from the intention of parties, viewing the entire instrument. In dependent conditions, the failure of the person first required to act, is an excuse to the other party for failing to comply. If the conditions be independent no such excuse avails. The law inclines to construe conditions to be independent. Code, §2298.

The question presented then, was the covenant by the lessees to pay rent dependent upon the covenant of the lessor to make repairs? It will be noted that the covenant of the lessee to pay rent was fixed as to amount and time, one hundred and ten dollars monthly, whereas the lessor covenants to keep the building in good repair, and (as a penalty for failing to do so) he covenants to pay said H. Lewis & Co. any damage they may sustain by his neglecting to do so. Here the one covenants to pay rent, the other to repair; but so far from the payment of rent being dependent upon the making repairs, they mutually agree if he fails to make the repairs, that the lessor shall be liable to the lessee for damages for the neglect. The failure to repair is not to work a forfeiture of rent, but, on the contrary, the lessor, for his failure, is to answer in damage, and this he expressly stipulates to do.

Taylor, in his treatise on the American Law of Landlord and Tenant, (7th ed., 1879,) §265, says: "That whether covenants are dependent or not is to be collected from the sense and meaning of the parties, not from any technical words contained in the instrument, and their precedence depends on the order of time in which the intent of the transaction requires their performance, and not on the order in which they stand in the deed. 5 Wend., 496;

2 Doug., 684: 15 Mass., 504; 6 N. Y., 74; 5 *Ib.*, 247; 17 *Ib.*, 458.

"If dependent they are in the nature of conditions, and are precedent each to the other, and in that case the non-performance of one is not only a defense to the exaction of performance by the other, but is ground for an action without a tender of performance by the other. If, however, they are independent, as where a landlord engages to keep the premises in repair, or to place certain improve-ments on them within a specified time, his non-perform-ance does in neither case discharge the tenant's covenant to pay rent." 5 Johns.,'179; 8 Wend., 615; 1 Den., 59; 2 Pick., 292.

"But where acts are to be done simultaneously, and each is the consideration of the other, the covenants are de-pendent, and neither party can recover against the other without showing performance or an offer to perform on his part. 11 Wend., 67; 13 Vt., 97; 20 Johns., 136. To be dependent they must be mutual and go to the entire consideration. 52 Mo., 497."

The covenants in this lease, on the authorities cited, in our opinion, being independent covenants, there was no error in so charging.

3. The next question was, did the court err in refusing to charge, as he was requested to by counsel for defendant, "if the jury find from the evidence that the tenement in question was not kept in such condition, by repairs made by landlord, as to be suitable for the purpose for which it was rented, the tenant was not bound to pay the rent?" or was his charge to the jury correct in charging the re-verse of this proposition, as is set forth in the eighth ground of the motion, "If you find there was some degree of failure to repair by the landlord, and the value of the use of the building was partially destroyed, but not en-tirely, then you would inquire whether there is that in the evidence to authorize you to find a diminuition of rent, and if you so find, you will take the amount off the particu-

lar month you find it applies to"? In other words, will the failure to make repairs in a lease where the covenant to repair and the covenant to pay rent are independent of each other, amount to an eviction in law and bar the landlord's right to recover rent?

The common law has always thrown the burden of repairs on the tenant. Our statute changes this rule. In the absence of a covenant to repair at common law, although the premises may become untenantable for the want of repairs, the tenant must pay the rent during the term. But where there is an independent covenant to repair, and the landlord neglects to make suitable repairs after notice by the tenant, the latter, after waiting a reasonable time, may make such suitable and necessary repairs himself and recover the expense from the landlord, or he may occupy the premises unrepaired and recover any damages he may have sustained from the landlord's default therein, provided his negligence, or that of his agents, has not been the cause of the damage. Taylor, (L. & T.,) §330; 39 Ind., 222; 35 N. Y., 269; 54 Ind., 544.

The landlord's covenant to repair, and the tenant's to pay rent, are independent covenants, and at common law a breach of the former is no bar to an action on the latter. 1 T. R., 310; 3 Aust., 607; Taylor, (L. & T.,) §331; and this still remains the law, both in England and the United States. 11 Johns., 495; 2 Ala., 320; 24 Barb., 39; 38 Ill., 293.

"On the other hand, it is now very generally held that the landlord's failure to repair, though not an eviction, may still avail the tenant by way of counter-claim for repairs made, or recoupment against the action for rent." Taylor, (L. &. T.,) §§331, 374.

The omission of the landlord to perform his covenant does not amount to an eviction, and is no bar to a lessor's claim for rent. The lessee's remedy is either a plea of failure in diminuition of the rent, or an action to recover

damages for the breach of the covenant (12 Wend., 529); or to make such repairs himself as are suitable and necessary, and charge the same to the lessor, unless the premises become untenantable for want of repairs where the landlord was under covenant to repair, then this would be in law, a constructive eviction. As the rulings and instructions of the court are in harmony with these principles of law, we see no error in the charge of the court as given, or in the refusal to charge as requested, and the verdict being sufficiently sustained by the evidence, the judgment below is affirmed.

Judgment affirmed.