## VON KAMEN *v.* ROES.

*(Supreme Court, General Term, First Department. October 20, 1892.)*

**1. NOTE—ACTION ON—EVIDENCE.**

Where suit is brought on a note, which defendant claimed had not been given for value, but as evidence merely of a payment by plaintiff under an agreement for purchase of defendant's store, and also for services alleged to have been rendered as clerk in said store, but which defendant claimed had been for plaintiff's own benefit under the agreement, it is proper, notwithstanding defendant's claim that the agreement was for purchase at a stipulated sum, to allow him to testify as to the reasonable value of the store, where the purpose was not to establish a counterclaim, or introduce evidence of damages, but only to show the circumstances connected with the transaction.

**2. SAME—DECLARATIONS.**

Default having been made in payment for the store by plaintiff and defendant's nephew, to whom it was to be transferred, and the store sold to a third person, defendant was cross-examined as to what he had said to plaintiff and the nephew in regard to the unpaid balance at time of sale. *Held* that, though improper in calling for declarations of the nephew without any showing of agency or partnership between him and plaintiff, or any other relation whereby to render such declarations binding on plaintiff, it was not prejudicial, where no such declarations were in fact testified to by the witness.

**3. STATUTE OF FRAUDS—AGREEMENTS NOT TO BE PERFORMED WITHIN A YEAR.**

Evidence of an agreement to buy property, part of the price in cash, balance in two years, and, in case of default, the buyer to forfeit all claims to the property, as well as to any payments made thereon, negatives any idea that the provision in regard to default is an executory agreement, distinct from the agreement of sale, and not to be performed within a year.

**4. CONTRACTS—BREACH—RESERVATION OF PENALTY.**
  - A stipulation that money paid under a contract may be retained as penalty in case of breach is valid.

**5. NOTE—ACTION ON—PAROL EVIDENCE—CONSIDERATION.**
  Parol evidence of what was said at the making of a note may be offered to show total or partial want of consideration or illegality of consideration.

**6. TRIAL—OBJECTIONS TO EVIDENCE.**
  A party to an action cannot object to evidence on the ground merely of its irrelevancy as to another, who, though a cocontractor with him under a certain contract, is not party to the action.

**7. APPEAL—REVIEW—OBJECTIONS NOT RAISED.**
  Evidence admitted without objection is not subject to review.

Appeal from circuit court, New York county.

Action by Herman J. Von Kamen against Diederich Roes. From a judgment entered on a verdict for defendant, and from an order denying motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Bernard J. Isecke* and *George H. Kracht,* for appellant. *A. H. Berrick,* for respondent.

O'BRIEN, J. The plaintiff brought this action to recover the sum of $200, alleged to be due on a promissory note made the defendant, and also to recover the further sum of $366, for services rendered as clerk in defendant's grocery store. The answer admitted the making of the note, but denied that the same was made for value, and alleged a want of consideration, and that the same was given to plaintiff for his accommodation. There was in addition a general denial of all the allegations constituting plaintiff's cause of action; and by the twelfth paragraph of the answer, except as specifically admitted, the defendant denied each and every allegation in the complaint. In addition to these denials, there are a number of separate defenses set up in the answer, giving a version of the relation of the parties to each other, differing from that in the complaint, and also setting up a counterclaim. This latter, however, was stricken out by the court below; and no harm would have resulted had he stricken out every other allegation of the answer except the 1st, 2d, 3d, and 12th paragraphs, already referred to. From these it would appear that the note in question and the services performed were the result of an arrangement or agreement under which a grocery store formerly owned by the defendant was to be transferred to the plaintiff and one Henry Roes, in consideration of the sum of $4,000, payable in two years; $200 of which was paid at the time the note sued upon was made and delivered to the plaintiff for his accommodation, and as evidence of a payment under the agreement. Upon the issues thus raised by the pleadings, as to whether or not the note was given by the defendant to the plaintiff for value, and as to whether or not the defendant employed the plaintiff as his clerk, or whether the latter performed the services for which a recovery was sought under an arrangement by which he purchased the grocery store, and was running it for the benefit of himself and Henry Roes, the testimony was conflicting, and not so preponderating in favor of plaintiff that it could be said he was entitled either to a direction in his favor, or, after the verdict, to have it set aside upon the ground that it was against the weight of evidence.

This leaves us to consider questions raised upon exceptions taken to the admission and exclusion of evidence. Upon the defendant's examination, he was asked whether or not $4,000 was a reasonable price for the store; to which objection was made that it was immaterial and irrelevant; and, the defendant having been allowed to answer, it is now insisted by the appellant that it was error. The reason urged for this view is that, as the defendant claimed, there was an express contract of sale for a stipulated sum. It was immaterial, in the absence of fraud, what the value of the store was. Were

this an action to recover the stipulated sum, we should agree entirely with the appellant. It must be remembered, however, that any claim by reason of this contract, which was set up by way of counterclaim, had been stricken out prior to such testimony by the court; and the purpose of the evidence, as shown by the offer and the ruling of the court, was not to establish a counterclaim or introduce evidence of damage, but to show the circumstances connected with the transaction,—one of which, and by no means an immaterial one, was as to the value of the store at the time the alleged agreement of sale was made.

The next assignment of error relates to the admission of evidence of acts or declarations of Henry Roes, an alleged cocontractor. The defendant was asked whether the plaintiff or Roes ever paid him any money on account of the store, outside of the $200. This was objected to by plaintiff's counsel, so far as Roes is concerned, as irrelevant. The ground of the objection is emphasized by the court asking whether the only objection was so far as Roes was concerned. The form of this objection was bad. Henry Roes was not a party to the action, was not represented upon the trial, and no one was in a position to take an objection, so far as he was concerned,—not even the plaintiff. There might have been some force in the objection if it had been put upon the ground that no act of Henry Roes in making payment was relevant or binding upon the plaintiff.

The record also shows that the witness was allowed to testify as to whether or not he ever had a conversation with Von Kamen, or Roes, and what was said about paying for goods by either of them. As no objection or exception was taken to the question, it is not before us for review. The evidence shows that, the plaintiff and Henry Roes having made default in the terms of the contract for the purchase of the store, it was subsequently sold to a third party. During the course of the defendant's examination he was asked: "At the time you sold the store what did you say to Mr. Von Kamen or Roes, your nephew, about the unpaid balance?" This was objected to as irrelevant and immaterial. The criticism made of a former objection applies also here. The form of the objection was bad, and no harm resulted, because no testimony was given of anything that was said by Roes to the defendant. Therefore, even though the question was objectionable, as calling for the acts and declarations of Henry Roes, in the absence of evidence showing that Roes was the agent or partner, or had some relation by which his acts or declarations were binding upon the plaintiff, no harm was done, because no acts or declarations of Henry Roes were testified to by the witness.

The next point presented is the claim of error in allowing oral evidence of what was said at the time of making the note. Whatever may have been the old rule in respect to varying the terms of a promissory note, it is clear that the law of this state supports the view expressed in Daniel on Negotiable Instruments, (page 90, § 81a,) that "it has been held that it is competent to show by parol that at the time a note was made it was agreed that it should be held for nothing on the happening of a certain event." A more felicitous statement of what we regard the rule to be is stated in Story on Promissory Notes, (section 190,) that "the total or partial want or failure of consideration, or illegality of consideration, may be insisted upon as a defense or bar between any of the immediate or original parties to the contract. For example, it is a good defense or bar to an action between these parties that the note is a mere accommodation bill, that the maker is a mere accommodation maker, and the payee an accommodation indorser."

The next error claimed was the admission of evidence of an agreement whereby, in case of failure on the part of the plaintiff and Henry Roes to pay $3,600 to defendant at the expiration of two years, they were to forfeit the store and all moneys paid thereon. It is insisted that as this was an executory agreement, separate and distinct from the agreement of sale, and was

not to be performed within one year, it could not be proven, because not constituting a legal contract; that no consideration was shown to support it; and that, inasmuch as the agreement of forfeiture provides for a penalty, the latter could not be insisted upon.   If, however, we take the defendant's version of the transaction, there was a contract whereby he was to sell, and the plaintiff with another was to purchase, a grocery store, stock and fixtures, for $4,000, of which $400 was paid in cash, and the balance was to be paid within two years, and, in case of default in the payment of this balance, defendant was to repossess himself of the store, and plaintiff and his partner were to forfeit all claim thereto, as well as to any moneys paid on account of such purchase.   This negatives the contention of appellant that it was an executory contract, separate and distinct from the contract of sale, or one without consideration.   In regard to forfeiture, it is always competent for the parties to settle between themselves by agreement the damages to be paid on breach of a contract.   *Clement* v. *Cash*, 21 N. Y. 256.   The general rule requires that what the parties themselves prescribe as a forfeiture shall be so treated. *Colwell* v. *Lawrence*, 38 N. Y. 71; *Noyes* v. *Phillips*, 60 N. Y. 408; *Kemp* v. *Ice Co.*, 69 N. Y. 45; *Little* v. *Banks*, 85 N. Y. 258.   In the absence of any agreement by which provision was made for defendant retaining the money in the event of plaintiff, and the one interested with him, not having completed their contract by paying the balance, the cases are uniform in holding that the money so paid could be retained by the defendant, and could not, under the circumstances, be recovered back in an action by the plaintiff.   The reason for this rule of law is well stated in *Lawrence* v. *Miller*, 86 N. Y. 131, wherein it is said: "The defendant came by it [that is, the money] rightfully, in pursuance of a contract lawfully made between competent parties.   He has made no breach of that contract.   He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own?   When and whereby did it cease to be his and to be due to the vendee?   If the contract had been kept by both parties, the money paid would still be his of right. The contract would have been kept, but for the breach of it by the vendee. To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow."   *Havens* v. *Patterson*, 43 N. Y. 218; *Chaude* v. *Shepard*, 122 N. Y. 402, 25 N. E. Rep. 358; *Brewer* v. *Ford*, (Sup.) 12 N. Y. Supp. 619.   Our examination of the objections relied upon by the appellant has not convinced us that any error was committed upon the trial, and we think that the judgment and order appealed from should be affirmed, with costs.   All concur.