(9 Misc. Rep. 487.)

## ESTELLE v. DINSBEER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

LANDLORD AND TENANT—HOLDING OVER—RIGHTS OF LANDLORD.
Where a lease requires the tenant to pay, in addition to the monthly rent, a stated monthly sum on a mortgage of his furniture, and provides that it shall be void on the tenant's failure to do so, the lease terminates on the tenant's default, without any act of the landlord, and a proceeding thereafter for possession of the premises should be against the tenant, as a holdover, and not for nonpayment of rent.

Appeal from eighth district court.

Summary proceedings by George B. Estelle, landlord, against Mary Dinsbeer, tenant, to recover possession of premises No. 244 West Thirty-Ninth street.    There was a judgment in favor of the landlord, and the tenant appeals.    Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George A. McDermott, for appellant.

P. C. Talman, for respondent.

BOOKSTAVER, J.    The petition of the landlord recited that the rent for the month of March, 1894, amounting to $125, was unpaid, and that it was due, pursuant to the lease.    The answer denied the lease and terms of agreement as set forth in the petition, and alleged that, through fraud and by means of false representations, she paid the landlord $1,000, which is still due her, and further alleged that the landlord failed. to perform the conditions of the agreement, and that the lease became forfeited on or about the 15th February, 1894, on default of the payments therein provided, and, therefore, that the court was without jurisdiction.    The lease contains the following recital:

"And it is further understood and agreed that the party of the second part is to pay, in addition to the monthly rent of $125, the further sum of one hundred dollars ($100) on the 15th day of each and every month as part payment of the furniture in said house 244 West 39th street, as per mortgage on said furniture; and, if not so paid, this lease shall become null and void."

On the trial, it appeared, without contradiction, that the $100 due on the mortgage on the 15th day of February had not been paid; and, in our judgment, this default terminated the lease by its terms, without any act on the part of the landlord.    The distinction between a condition subsequent contained in a lease and a conditional limitation of a lease must here be kept clearly in mind.    In the one case, the landlord may elect to disregard the breach of the condition, and treat the lease as still existing; in the other case, he has no election, but the lease terminates by reason of the happening of the event.    The case of the breach of a condition subsequent is well illustrated in Cramer v. Amberg, 16 Civ. Proc. R. 447, where

the general term of this court held that the breach of a condition subsequent by the tenant does not of itself operate to determine the demised estate; that such a result is obtainable only by the landlord's re-entry for breach of the condition; that, without such re-entry, the term cannot be said to have expired; and hence, for a breach of a condition subsequent, summary proceedings to recover the possession of the demised premises cannot be maintained, on the ground that the tenant continues in possession after the expiration of the term.    See, also, Burnett v. Scribner, 16 Barb. 621; People v. Howlett, 76 N. Y. 574; Miller v. Levi, 44 N. Y. 489; Lynch v. Salt Co., 64 Barb. 558.   Here, however, the lease is, in effect, that it shall continue for the period of five years, unless sooner determined by the nonpayment of the monthly installment to be paid upon the mortgage according to its terms.    In this case no condition is violated, but the term expires of its own limitation, upon the happening of the event provided for.    Re-entry is not required to reinvest the landlord with the right to immediate possession, and summary proceedings to recover it from the tenant as a holdover are maintainable.    Miller v. Levi, 44 N. Y. 489; Insurance Co. v. Gosford (Com. Pl. N. Y.) 23 N. Y. Supp. 7; Horton v. Railroad Co., 12 Abb. N. C. 30; 8 Am. & Eng. Enc. Law, 447, and cases cited under subdivision 6; Stuyvesant v. Davis, 9 Paige, 431; Parmelee v. Railroad Co., 6 N. Y. 74; Beach v. Nixon, 9 N. Y. 36; Von Kamen v. Roes (Sup.) 20 N. Y. Supp. 548; Ger. Real Estate, 191; McAdam, Landl. & Ten. 43. This being the case, the relation of landlord and tenant did not exist when the petition was filed, and the proceeding should have been against the tenant, as a holdover, and not for the nonpayment of rent.    Such proceeding, in the form instituted in this case, could only be entertained when the relation of landlord and tenant exists by the agreement of parties, and not by operation of law.    People v. Cushman, 1 Hun, 73; Livingston v. Tanner, 14 N. Y. 64; People v. Simpson, 28 N. Y. 55.    Having arrived at this conclusion, it is unnecessary to examine the other questions raised upon this appeal.

The final order, and all the proceedings resulting therein, should be set aside, and declared null and void, with costs of this appeal to the appellant.