MAYER & CRINE *v.* MOREHEAD, executrix.

Where farming lands were rented for a term of years and the tenants agreed "to keep up all repairs at their own expense, fire and providential causes excepted," the whole rent could be recovered, notwithstanding the total destruction, by accidental fire, of a gin-house situated on the rented premises. '

Argued November 17, 1898. — Decided February 4, 1899.

Distress warrant.    Before Judge Hansell.    Dougherty superior court.    April term, 1898.

*D. H. Pope & Son,* for plaintiffs in error.
*Jones & Bacon,* contra.

FISH, J.    Mrs. L. L. Morehead as executrix sued out a distress warrant against Mayer & Crine for $700.00 rent, claimed to be due, for the year 1897, for certain farming lands in Dougherty county.    Defendants filed a counter-affidavit, and, on the trial, put in evidence a lease from plaintiff to them, the material parts of which were, that plaintiff leased to defendants the Mud Creek and Walker places or farms, from 1893 to 1898, at a rental of $700.00 a year, and the lessees agreed "to keep up all repairs at their own expense, fire and providential causes excepted"; which lease was signed by plaintiff and defendants. The bill of exceptions states that the "defendants then swore Daniel Mayer, one of the defendants, and Charles Bledsoe, and proposed to prove by them that the gin-house on the said place was destroyed by fire prior to the fall of 1896; that plaintiff was notified of it and declined to rebuild or replace it; that de-

fendants raised 200 or 300 bales of cotton on the land rented; that they had to haul it to be ginned on another place several miles off; that it cost $2.00 a bale to have it ginned in this way; that it could have been ginned on the place by the hands employed, without extra expense to the defendants; and that defendants could have made, without extra expense to themselves, $200.00 or $300.00 a year by ginning their neighbors' cotton; that they paid the rent of 1896 under protest, and gave notice of their right to a reduction thereon, on account of the burning of said gin-house, at and before paying the same; that said farms were large and had all necessary buildings, tenant houses, and the like, for. running the same, except the burned gin-house." Plaintiff's counsel objected to the introduction of this testimony, and the court sustained the objection. Defendants offering no other evidence, a verdict for $700.00 was rendered for the plaintiff, and defendants excepted. The question for our decision, therefore, is, whether the learned trial judge committed error in rejecting the testimony proffered by the defendants. Where an estate for years is created, our Civil Code, § 3113, following the common law, makes the tenant bound for all repairs or other expense necessary for the preservation and protection of the property; but where simply the relation of landlord and tenant exists, the tenant, in such case, having no estate but only a usufruct in the rented premises, the civil law is adopted, and the landlord must keep the premises in repair (§ 3123); and if, on notice, he fails to do so, the tenant has a right of action, or he may recoup against the rent. *Lewis* v. *Chisolm*, 68 *Ga.* 40. Instead, however, of applying to the relation of landlord and tenant the rule of the civil law, that where the rented premises are "destroyed by an inundation, an earthquake, or other event, the lessor, who was bound to give the property, can not demand the rent, and will be bound to return so much of it as he has received," the Civil Code, § 3135, again following the common law, provides that, "The destruction of a tenement by fire, or the loss of possession by any casualty, not caused by the landlord, or from defect of his title, shall not abate the rent contracted to be paid." So, if a rented dwelling be unroofed by a storm, the landlord, upon

notice, is bound to repair it, or the tenant will have a right of action, or may recoup against the rent; but if the storm completely destroys the dwelling, the landlord is not required to replace it, nor does the rent abate. This may not be consistency, nor the perfection of human reason, but it seems to be the law of this State.

In the present case, if the gin-house had been the only property rented, and it had been merely damaged by fire, the landlord, unless otherwise stipulated, would have been bound to repair it; but if it had been totally destroyed by fire, the landlord would not have been bound to replace it, nor would the rent have abated. What did occur in this case was, that farming lands, together with all the necessary buildings, including a gin-house, were rented for a term of years, the tenants expressly agreeing to keep up all repairs, except such as might be made necessary by fire or providential cause, and the gin-house was accidentally destroyed by fire during the term. It is clear that the tenants, under their contract, were not required to rebuild it. Nor did any implied covenant to rebuild on the part of the landlord arise from the mere exception of repairs on account of fire and providential cause in the tenants' covenant to "keep up all repairs at their own expense." Was the landlord bound to rebuild the gin-house under the law? That depends upon whether its rebuilding was necessary to keep the rented premises in repair. The words, "keep . . in repair," as used in section 3123 of the Civil Code, are not technical words, but are used in their ordinary sense. The usual meaning of "to repair" is to mend, to restore to a sound state what has been partially destroyed, to make good an existing thing; not to make a new thing, such as erecting a new building to take the place of one destroyed. If the landlord was bound to replace the burned gin-house, then she would have been equally bound to have replaced the dwelling, the tenant-houses, the stables, the barns, all necessary buildings on the farms, had they been burned, and to have replaced them as often as they might have been destroyed during the term. We do not think the law requiring the landlord to keep the rented premises in repair means that he shall rebuild buildings wholly destroyed by cas-

ualty not caused by him. According to the evidence offered by the defendants, the gin-house constituted a very substantial part of the rented premises and was of much benefit to defendants, but, if true, such facts could not be sufficient reasons, under our law, for requiring the landlord to rebuild it after it was destroyed, when, under section 3135 of the Civil Code, the destruction or loss of rented property by casualty shall not abate the rent contracted to be paid. The enforcement of this rule seems a hardship, but it is the law, and tenants, if they are unwilling to take the risks, may protect themselves by stipulating in their rent contracts against liability for future rent, in the event of the destruction of the premises. Under our view of the law, we are constrained to hold that there was no error in rejecting the evidence offered by the defendants. *Judgment affirmed. All the Justices concurring.*