1286. DOUGHERTY, guardian, *v.* TAYLOR & NORTON CO.

1. Under the statute law of this State, the landlord, in the absence of a stipulation to the contrary, is bound to keep the premises in repair. If, after notice that the premises are out of repair, the landlord neglects to repair within a reasonable time, the tenant has his option to make the repairs and recover from the landlord the reasonable expense incurred, or he can set off the expense against the rent, or he may omit to make the repairs himself and may seek compensation by an action for the damages. The right to either remedy is subject to the condition that the necessity for the repair was not caused by the negligence of the tenant, or of those for whose conduct he is responsible.
2. In making the necessary repairs the tenant is not bound to use precisely the same materials as were originally used. If he employs capable workmen, uses suitable materials, and the work is reasonably and properly done, he is entitled to be reimbursed the money expended by him in making the repairs.
3. The court did not err in directing a verdict.

Distraint, from city court of Floyd county—Judge Hamilton. June 11, 1908.

Argued October 28, 1908.—Decided March 16, 1909.

*George A. H. Harris & Son,* for plaintiff.

*John W. & G. E. Maddox,* for defendant.

HILL, C. J. The questions in this case arise on a distress warrant for rent and a counter-affidavit thereto. The plaintiff rented to the defendant a storehouse in the city of Rome, to be used as a drug store. Part of this storehouse consisted of a large plate-glass window, which was used by the tenant to display and advertise goods. This show-window fronted on Second avenue and had been a part of the storehouse for years. The contract of rental stipulates the amount of rent to be paid as $115 per month. It is silent as to the duty of making repairs. The distress-warrant

claimed $115 due for one month's rent. The counter-affidavit set off as against this rent the sum of $100, expended by the tenant in repairing the show-window in question. There is no conflict in any of the material facts, and the case made, briefly stated, is as follows: The tenant rented the storehouse with the show-window in good condition. Without any fault on the part of the tenant or his servants, this show-window was broken, and the tenant could not use it. He notified his landlord of the injury to the window; and the landlord, in obedience to the notice, inspected the condition of the window. The tenant waited on his landlord for over a month to repair the window. The landlord did not repair it, and the tenant thereupon restored the window to its original condition, by putting in a window exactly like the one which was broken, the expenses incurred by the tenant being reasonable and necessary for the purpose of restoration. The tenant's contract was to pay the stipulated rental for the storehouse containing the show-window, the use of the window being a valuable adjunct to the business of the tenant. It cost the tenant $100 to restore the show-window and to place the storehouse in the exact condition it was when he rented it. Did the tenant, under these facts, have the right to restore the show-window to the building and to set off as against the rent the necessary cost of the restoration? The trial court decided that the tenant had the right to do so, and directed a verdict for the plaintiff for the sum of $15; and the plaintiff excepted to this direction of a verdict, and insists that she was entitled to recover the full amount of the rental, without any deduction therefrom for the expense incurred by the tenant in repairing the broken window.

In this State it is well settled that the landlord must keep the premises in repair, in the absence of any covenant on that subject. Civil Code, § 3123. The statute is so explicit that citation of authority is hardly deemed necessary. The Supreme Court has in many cases held that the landlord was bound to keep the premises in repair, in the absence of an agreement to the contrary. A few of the many cases so holding are: Lewis v. Chisholm, 68 Ga. 40; Veal v. Hanlon, 123 Ga. 642 (51 S. E. 579); Mayer v. Morehead, 106 Ga. 435 (32 S. E. 349); Stack v. Harris, 111 Ga. 150 (36 S. E. 615); Henley v. Brockman, 124 Ga. 1061 (53 S. E. 672). In the case of Lewis v. Chisholm, supra, it is held that

where the duty devolves upon the landlord by law or by contract to keep the premises in repair, his failure to do so will not work a forfeiture of the rent, unless the premises become untenantable and a constructive eviction results. "The remedy of the tenant is, after reasonable opportunity to the landlord and failure by him to repair, to make the repairs himself and look to the landlord for reimbursement, or to occupy the premises without repair, and hold the landlord responsible for damages by action, or by recoupment to an action for the rent." And in *Mayer* v. *Morehead,* supra, the court says, "Where an estate for years is created, our Civil Code, §3113, following the common law, makes the tenant bound for all repairs or other expense necessary for the preservation and protection of the property; but where simply the relation of landlord and tenant exists, the tenant, in such case, having no estate but only a usufruct in the rented premises, the civil law is adopted, and the landlord must keep the premises in repair (§3123); and if, on notice, he fails to do so, the tenant has a right of action, or he may recoup against the rent."

While recognizing the duty of the landlord to make repairs, it is insisted by counsel for the plaintiff in error that the facts in this case show a case of improvement and not of repair, and that the landlord is only responsible for improvements placed upon his property by his consent. The words "keep in repair," as used in §3123 of the Civil Code, are not technical words, but are used in their ordinary sense. To repair is, to mend; to restore to a sound state whatever has been partially destroyed; to make good an existing thing; restoration after decay, injury, or partial destruction. *Mayer* v. *Morehead,* supra; 7 Words and Phrases Judicially Defined, 6096. An improvement is a valuable and useful addition, something more than a mere repair or restoration to the original condition. The facts in this case leave no room to doubt that the restoration of the window was a repair, and not an improvement. Even if the new window when put in was some improvement on the old one that was broken, this fact would not destroy its character as a repair. If the new window cost somewhat more than the window cost originally, or the materials were not precisely the same as formerly used, this would make no difference. The cost of the materials may have increased, or they may have been of a better quality. The question is, did the ten-

ant have the right to repair the broken window, the landlord, after due notice, failing to do so? If he did, and employed a competent mechanic, who used suitable materials, and the work was reasonably and properly done, he was entitled to be reimbursed, although there may have been some improvement incidental to the repair of the window. Myers *v.* Burns, 35 N. Y. 269, affirming 33 Barb. 401.

Again, learned counsel insists that the tenant's remedy, when the landlord neglects to make the repairs after due notice and a reasonable time, if the building for lack of needed repairs becomes untenantable or causes damage and injury to the tenant, is to sue the landlord for damages. True, this is one of the tenant's remedies. He has his option to make the repairs and recover from the landlord the reasonable expense incurred, or he may omit to make the repairs himself and seek compensation by an action for damages. But in some cases this latter remedy would be neither adequate compensation to the tenant nor just to the landlord. In this case the window was used for the purpose of displaying the tenant's goods and drawing purchasers. The broken window could not be used for this purpose, and the resultant damages would be difficult to calculate, and the repair by the tenant would, in some cases, reduce the damage to the landlord; in which event, it might be the duty of the tenant to repair, so as to minimize the damages.

Counsel further contends that the landlord was not asked by the tenant to repair the window, and there was no evidence that the landlord had reasonable time in which to make the repair and had failed to do so. Under the law requiring the landlord to make repairs, it was not necessary for the tenant to demand that he perform his legal duty. It is only necessary for the tenant to give the landlord notice of the defective condition of the property; and if the landlord knows of the defect, even the notice is not necessary. *White* v. *Montgomery,* 58 *Ga.* 204; *Guthman* v. *Castleberry,* 49 *Ga.* 272. Indeed, we can easily imagine cases where the exigency of the occasion would fully warrant the tenant in properly making repairs without waiting to give the landlord notice. The interest of both landlord and tenant would warrant, if it did not demand, immediate action on the part of the tenant, without notice to the landlord. In this case it is admitted by the

landlord that she was notified by the tenant of the defective condition of the window, and made a personal inspection. The evidence is undisputed that the window was not repaired by the landlord, and no effort made by her to repair it, for nearly two months after she saw its defective condition. It is not claimed by the landlord that she ever intended to repair it. The fact that the landlord in this case held the rented premises as testamentary guardian in no wise changes the law or affects the relative rights and duties of landlord and tenant.

The evidence demanded the verdict directed by the court.

*Judgment affirmed. Russell, J., dissents.*