### 14352.   SHEHANE *v.* EBERHART *et al.*

BROYLES, C. J. 1. " A warrant to dispossess a tenant is converted by the filing of a counter-affidavit into mesne process, and the further procedure partakes of the nature of an ordinary suit, in respect to the amendment of the pleadings. Civil Code (1910), § 5706; *Mitchell* v. *Masury,* 132 *Ga.* 360 (64 S. E. 275)." *Roberson* v. *Weaver,* 145 *Ga.* 626, 629 (1) (89 S. E. 769).

2. Where a landlord sues out a warrant to dispossess his tenant on the ground that the latter is holding over and beyond his term of rental (Civil Code, §§ 5385 and 5386), the tenant may arrest the proceedings and prevent the removal of himself and goods from the rented premises by declaring under oath that his lease or term of rent has not expired, and that he is not holding possession of the premises over and beyond his term, and at the same time tendering a bond as required by the statute (Civil Code, § 5387); and upon the trial of such a case the tenant, upon proper pleadings and proof, can prevent a recovery of double rent by showing that the landlord was indebted to him at the time of the suing out of the warrant, by reason of damages ensuing from a violation of his (the landlord's) cross-obligations under the lease contract, in an amount equal to the rent due when the warrant was issued; and if such damages exceed the amount of rent due the

landlord, the tenant can have judgment for such excess. See, in this connection, *Weaver* v. *Roberson,* 134 *Ga.* 149 (2) (67 S. E. 662); *Jefferson* v. *Glaze,* 134 *Ga.* 842 (68 S. E. 580).

(a) It is contended, however, by counsel for the plaintiff in error (the landlord) that the above-cited cases, being proceedings to dispossess tenants because of the non-payment of rent, do not apply to the instant case, since the proceeding here is one to dispossess a tenant on the ground that he is holding over and beyond his term of rental. We do not consider this distinction to be material, since the filing of the counter-affidavit by the tenant to the proceedings to dispossess, regardless of the ground therefor, converted the proceedings into mesne process, and the case became one of law, with all the rights the parties would have had if the suit had been on open account or contract. See, in this connection, Civil Code, §§ 4353, 5385; *Jones* v. *Blackwelder,* 143 *Ga.* 402 (85 S. E. 122); *Weaver* v. *Roberson,* supra; *Mitchell* v. *Masury,* supra.

3. " Under the statute law of this State the landlord, in the absence of a stipulation to the contrary, is bound to keep the premises in repair. If, after notice that the premises are out of repair, the landlord neglects to repair within a reasonable time, the tenant has his option to make the repairs and recover from the landlord the reasonable expense incurred, or he can set off the expense against the rent, or he may omit to make the repairs himself and may seek compensation by an action for the damages. The right to either remedy is subject to the condition that the necessity for the repair was not caused by the negligence of the tenant, or of those for whose conduct he is responsible." *Dougherty* v. *Taylor & Norton Co.,* 5 *Ga. App.* 773 (1) (63 S. E. 928). See also *Henley* v. *Brockman,* 124 *Ga.* 1059 (5) (53 S. E. 672).

4. Under the preceding rulings, the court did not err in overruling that ground of the demurrer interposed by the plaintiff (to the amended counter-affiavit) which set up " that in a dispossessory proceeding such as this one, in which the non-payment of rent is not the basis of the dispossessory proceeding, it is not permissible to set up by way of counter-claim or recoupment any alleged indebtedness or alleged damages due by the plaintiff to the defendants."

(a) The other grounds of the demurrer were also without substantial merit, and the court did not err in overruling them.

5. When viewed in the light of the particular facts of the case and the charge as a whole, none of the grounds of the amendment to the motion for a new trial, shows reversible error.

6. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1923.

Eviction; from Clarke superior court — Judge Fortson. January 29, 1923.

Certiorari was granted by the Supreme Court.

*Erwin, Erwin & Nix,* for plaintiff.

*W. M. Smith, John J. Strickland,* for defendants.