## 40440. ABRAMS v. JOEL.

HALL, Judge. 1. In Georgia, as in other jurisdictions, when a lessor breaches a duty to make repairs, the lessee may make the repairs himself and look to the lessor for reimbursement. *Lewis & Co. v. Chisholm*, 68 Ga. 40, 46; *Dougherty v. Taylor & Norton Co.*, 5 Ga. App. 773, 775 (63 SE 928); *Valdes Hotel Co. v. Ferrell*, 17 Ga. App. 93, 97 (86 SE 333); 32 Am. Jur. 589, § 714 et seq. And for such a breach a lessee sued for rent may recoup damages for diminution of the value of the premises caused by the failure to repair. *Lewis & Co. v. Chisholm*, supra; *Roberson v. Weaver*, 145 Ga. 626, 634 (89 SE 769); 52 CJS 261, § 487; 375, § 557 (d); 32 Am. Jur. 445, § 539; Anno. 28 ALR 1455; 28 ALR2d 446.

2. However, when a written lease requires the lessor to keep the roof and outer walls of the building in proper repair, but provides, "No claims for damages shall be made by lessee nor delay in payment of rent for the want of repair in these premises," the lessee by express agreement waives the remedy last mentioned in Headnote 1. *Arnold v. Johnson*, 84 Ga. App. 138, 141 (65 SE2d 707); *King v. Smith*, 47 Ga. App. 360, 364 (2) (170 SE 546).

3. The trial court did not err, in an action for rent due under the terms of a lease containing the above quoted provision, in sustaining the lessor's general demurrer to the lessee's plea claiming reduction of rental due to breach of lessor's covenant to repair.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

DECIDED NOVEMBER 18, 1963.

*Joseph J. Gaines,* for plaintiff in error.
*Erwin, Birchmore & Epting, Howell C. Erwin, Jr.,* contra.