54807, 54808, 54809, 54810, 54811, 54812, 54813, 54815, 54816. LIPSHUTZ et al. v. SHANTHA (nine cases).
54979. SHANTHA v. LIPSHUTZ et al.

Webb, Judge.

Dr. Shantha, the landlord, initiated against each of the appellant tenants dispossessory proceedings pursuant to Code Ann. §§ 61-301 and 61-302 by filing affidavits alleging nonpayment of rent. Each appellant filed an answer demanding jury trial but tendered no payment of rent into the registry of court as required by Code Ann. § 61-304, whereupon Dr. Shantha filed a

motion requesting the court to order the payment of all past due rent into the court and to establish the amount to be paid during the pendency of the proceedings as provided by Code Ann. § 61-304. A consent order was entered whereby each appellant was required to pay a stipulated "value" of past due rents totaling $8,665 and future rents pending further order. Appellants tendered to the court approximately $6,000 in cash and $2,700 in receipts representing repairs to the premises. Dr. Shantha contended that the tender of receipts for repairs in lieu of cash was invalid and a hearing was called at his request. At the hearing appellants offered to present evidence as to the validity of each receipt and that Dr. Shantha had in the past accepted receipts for repairs in lieu of cash payments or rent. The court ruled that while valid receipts for repairs were a defense to the merits of the dispossessory action, they did not constitute payment of rent within the contemplation of Code Ann. § 61-304 because "otherwise, every preliminary hearing on this thing would turn into a full scale trial . . ." Writs of possession were ordered to be issued within two days unless the full value of the past due rents was tendered in cash. Upon motion of appellants the court certified the importance of the issue of the meaning of the word "rent," and this court granted supersedeas staying the writs of eviction and agreed to hear this interlocutory appeal.

The tenants argue that the State of Georgia has for almost a century recognized that a tenant may substitute repair receipts for cash rent due, citing *Lewis & Co. v. Chisolm,* 68 Ga. 40 (1881); *Dougherty v. Taylor & Norton Co.,* 5 Ga. App. 773 (63 SE 928) (1909); *Shehane v. Eberhart,* 30 Ga. App. 265 (117 SE 675) (1923); *Estridge v. Janko,* 96 Ga. App. 246 (99 SE2d 682) (1957); and *Abrams v. Joel,* 108 Ga. App. 662 (134 SE2d 480) (1963). They contend that if Code Ann. § 61-304 (Ga. L. 1970, pp. 968, 970) is construed so that tenants are deprived of their homes without the right to have a hearing on whether or not they have paid rent in a form other than cash, the statute would be an unconstitutional denial of due process. See, e.g., North Georgia Finishing v. Di-Chem, 419 U. S. 601 (95 SC 719, 42 LE2d 751) (1975); Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971);

Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969).

While we think this position is not wholly without merit, we are constrained to affirm the trial court's ruling because the legislative history of Ga. L. 1970, pp. 968, 972 (Code Ann. § 61-309)[1] unequivocally shows that the General Assembly in giving tenants the right to remain in possession during the pendency of a dispossessory proceeding by tendering the payment of rent into court intended "rent" to mean "money." Entries made in the official Georgia Senate Journal for the 1970 regular session of the General Assembly reveal that this section began as Senate Bill No. 250, which was approved by the Senate and forwarded to the House of Representatives. The House amended the bill by expressly including in the Act the right of a tenant to remain in possession by tendering either rent " 'or an accounting of out-of-pocket expenditures which the tenant has actually made to effect necessary repairs or to pay for damages incurred due to the landlord's alleged failure to make repairs.' " Ga. Senate Journal, Reg. Sess. 1970, p. 1870. The Senate did not agree to the change and unanimously amended the House substitute to delete the above quoted provision. Ga. Senate Journal, Reg. Sess. 1970, p. 1870. After the provision had been deleted the bill was once again sent to the House, which then approved it in its final amended form. Ga. Senate Journal, Reg. Sess. 1970, p. 1887.

The General Assembly having passed the Act in its present form, this court should not subvert the legislative will by a construction contrary to its express meaning.

---

[1] "In an action for nonpayment of rent, the tenant shall be allowed to tender, within seven days of the day the tenant was served with the summons pursuant to section 61-302, to the landlord all rents allegedly owed plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action: Provided, however, that a landlord is required to accept such a tender from any individual tenant after the issuance of a dispossessory summons only once in any 12-month period."

"[W]henever the words of an act are obscure or doubtful, or bear either none or a very obscure signification, the intention of the Legislature, as well as other helps, may be resorted to in order to find and fix their true meaning. But . . . 'it is very dangerous for judges to launch out too far in searching into the intent of the Legislature, where they have expressed themselves in plain and clear words.' Willes, 397." *Ezekiel v. Dixon,* 3 Ga. 146, 153 (1847).

Whether or not the appellants are entitled to recoup or set off the amounts they paid for repairs will be determined by the jury upon the trial. *Johns v. Gibson,* 60 Ga. App. 585, 589 (4 SE2d 480) (1939); *Lewis & Co. v. Chisolm,* 68 Ga. 40 (2, 3) (1881). In the meantime they must pay into the registry of the court in cash the rents stipulated in the consent order. However, as noted by Dr. Shantha in his cross appeal, he is entitled to immediate payment of that part of the fund to which the tenants make no claim. Only "[t]hat part of the fund which is a matter of controversy in the litigation shall remain in the registry of the court until a final determination of the issues." Code Ann. § 61-304 (d).

*Judgments affirmed with direction. Deen, P. J., and Birdsong, J., concur.*

Argued November 2, 1977 — Decided November 10, 1977 — Rehearing denied December 1, 1977.

*Ellenberg, Wildau & Stagg, Richard D. Ellenberg,* for Lipshutz et al.

*Ezra Shimshi, Harold L. Russell,* for Shantha.

*Hall & Fishman, Richard A. Fishman, Robert W. Chestney,* amicus curiae.