Nash, J.
 

 In the construction of covenants, Courts of justice are tied down to no precise and technical rules. The object is to ascertain the sense and meaning of the parties. To arrive at a just conclusion, the nature of the transaction and the instrument itself must form the guides. Nor is it material in what order the covenants, to be performed by the several parties, appear in the instrument — the Court will, if necessary, transpose, to arrive at the true sense. The whole instrument must be consulted. Governed by these principles, it is not difficult to see what the parties did mean in this case. The object of the plaintiff was to rent out his house and lot, and that of the defendant, Smaw, to secure its use and occupation. Both these objects were attained by the contract. The lessee was-put in possession of the premises and enjoyed them during the time specified; and the lessor was secured of his rent by the bond, by which
 
 *294
 
 the defendants agreed to pay the sum sued for on a fixed and certain day. In the same instrument it is stipulated, that the lessor shall repair. No words of condition are annexed, nor is the amount of repairs, or the time within which they are to be made, specified. These covenants are manifestly independent of each other, and mutual, and are not conditions precedent. The parties did not so mean nor did they so intend. What was the amount of repairs required, or whether any was necessary, no where appears in the case, except in the covenant to repair or put in order. If the defence made here was sustained, any part of the repairs, however small, not made during the lease, would defeat the action. The consequence, would be, that the defendant would have enjoyed the-house and lot for the year he rented it and pay the plaintiff nothing. This would be unjust; and ought not to be allowed, unless the agreement of the parties to that effect appeared clearly. The plaintiff has substantially performed that which he contracted to perform — put the defendant, Smaw, into possession of the house and lot; and .the lessee has gotten substantially that which he 'contracted for; and any special injury, he may have sustained by the non-performance by the plaintiff of the covénant to repair, may be compensated to him in damages, and he cannot, in a suit to recover the rent, plead the covenant as a condition precedent.
 
 Boon
 
 v.
 
 Eyre,
 
 1 Henry Blackstone 273.
 
 Campbell
 
 v.
 
 Jones,
 
 6 Term Rep. 570.
 
 Fathergill
 
 v.
 
 Walton,
 
 8 Taunt 573. We concur with his Honor in the opinion expressed below.
 

 Per Curiam;
 

 Judgment affirmed.