## PARKER *v.* MEADOWS.

### (*Nashville.* December 13th, 1887.)

1. LANDLORD AND TENANT. *Default of landlord as to repairs. Measure of damages. Tenant's duty.*

Where a landlord contracts to furnish timber and pay the tenant to make necessary repairs of fencing on the leased premises, and fails to do so, whereby the tenant's crops are injured, and extraordinary expense incurred; the measure of damage to which the tenant is entitled, *if he could have supplied the timber at a trifling expenditure of labor and money*, is the actual cost to the tenant of remedying the landlord's default, and not the value of the lost crops, or the expense incurred in their protection. It was the tenant's duty in such case to furnish the timber at the landlord's expense, and thereby avert loss.

Case cited and approved: Fort *v.* Orndorff, 7 Heis., 173.

2. SAME. *Same. Same. Same.*

Where a landlord contracts to build cross-fences on the leased premises, and fails to do so, whereby the tenant sustains loss; the measure of damages to which the tenant is entitled for such default, *if the fences could not be supplied by the tenant at a reasonable expenditure, under the circumstances*, would be the difference between the stipulated rent, and the reasonable rental value of the farm without the fences. The tenant would be under no obligation, in such case, to build the fences.

Cases cited and approved: 63 N. Y., 561; 42 Ala., 275; 13 Wis., 31; 34 Vt., 81.

3. SAME. *Tenant's duty to avert loss. General rule.*

If the tenant can, by a comparatively *trifling expenditure*, avert loss, threatened by his landlord's default in making improvements and repairs on the leased premises, he must incur such expenditure, and himself make the improvements and repairs at the landlord's expense; but he is not bound to do so, if it would require *an expenditure which, under the circumstances, would be unreasonable.* The reasonableness of the required expenditure will be determined by the relative cost of the improvements or repairs, to the value of the contract and the extent of the threatened injury.

Cases cited and approved: 63 N. Y., 561; 42 Ala., 275; 13 Wis., 31; 34 Vt., 81.

---
Parker *v.* Meadows.
---

4. SUPREME COURT PRACTICE.   *Reversal of Judge's finding.*   *Erroneous exclusion of evidence.*   *Case remanded.*

> Where a judgment, based on the Circuit Judge's finding of the facts, is reversed for erroneous exclusion of evidence, the case will be remanded for another trial.

(See Smith *v.* Hubbard, 85 Tenn., 306, and cases cited.)

---
### FROM DAVIDSON.
---

Appeal in error from Circuit Court of Davidson County. FRANK T. REID, J.

A. G. MERRITT and JNO. D. BRIEN for Parker.

WHITMAN & GAMBLE and GEORGE B. GUILD for Meadows.

FOLKES, J. The plaintiff leased from the defendant a farm of one hundred and seven acres for a period of five years, commencing on January 1st, 1881. The rent stipulated in the lease was three hundred dollars per annum, for which notes were given. The lessor, by the terms of the lease, was "to build or have built two cross fences, and to cover or have covered the dwelling-house during the year 1881." He was also "to furnish timber for rails to keep old fences in repair, and to pay Parker for any new rails made and put up necessary for repairs."

This suit was brought by the plaintiff to re-

·cover damages for the failure of the defendant to build the new cross fences, and for the refusal or neglect to furnish timber for rails to keep old fences in repair.

The cause was instituted before a magistrate, resulting in a judgment in favor of plaintiff for three hundred dollars, and was by the defendant appealed to the Circuit Court, where it was tried by the judge without a jury. There was a judgment in favor of plaintiff for fifty dollars, and the plaintiff has appealed in error to this Court.

At the trial the plaintiff produced an itemized bill of damages, amounting in the aggregate to several hundred dollars, in which were embraced claims for injury by stock inflicted upon growing crops at different times during the lease, for loss of pasturage, destruction of grasses, cost of driving out depredating stock, and of the effort to keep same out.

While the plaintiff was upon the stand, and had testified to the failure of defendant to comply with the stipulations above quoted, after repeated demands upon him to do so, and repeated promises to build and repair, he was in the act of proving the sundry items in his account of damages, when he was interrupted by the Court stating that "the damages claimed would be disallowed, and that the proof of damages would be confined to what it would have cost to build the cross fences and repair the old fences and what said improvements would have been worth to defendant after plaintiff

left the place; that is, he would charge the defendant with what it would have cost him to have built and repaired said fences, and then credit him with what they would have been worth after the plaintiff left the farm at the expiration of the lease."

The proof was thereafter confined to that view of the case, resulting in the judgment as stated. Having reserved exceptions to the action of the Court, and his motion for a new trial being overruled, the plaintiff now assigns as error the rule of damages adopted by the Court, as above stated.

It is impossible to lay down any inflexible rule for the measure of damages, whether in breaches of contract or for torts, that would be just in its application to all cases. Each case has rather to be decided upon the peculiar aspect of the facts and circumstances attending it, regard being had always to certain fundamental principles that are well recognized. For instance, that compensation is the measure where it can be applied; that the plaintiff must not aggravate damages by inactivity where reasonable effort and expenditure would prevent or diminish the extent of the injury; that the field of remote or speculative damages must not be entered upon; that the wrong-doer must not be permitted to make profit out of his wrong; and others that are familiar to the law bearing on the subject.

Simple and familiar as are the general principles adverted to, their application to special cases often

presents serious and perplexing difficulties.   Let us endeavor to determine the rights of the parties to this suit by some of these principles.   In the first place, it is clear that the plaintiff is not entitled to recover for the injury to his crops occasioned by the failure of defendant to furnish timber for the rails necessary to repair the old fences, for the reason that the terms of the lease show that the tenant was to make and put up such rails, to be paid therefor by the landlord, thus leaving the landlord delinquent only in the matter of furnishing timber necessary for that purpose, while the proof shows that to have furnished the timber or the rails would have entailed but a trifling expenditure of labor and money on the part of the tenant. He will not be permitted to sit idly by and see his crops depredated upon month after month and year after year, and then recover their value from his landlord, when so small an endeavor would have prevented it, he being secure in a right to recover of the landlord the cost of labor and material expended.

In this respect it is very like the case of *Fort* v. *Orndoff*, 7 Heis., 173, where the landlord covenanted to repair a mill-dam, and that if he failed the tenant might do so.   The landlord not repairing, the tenant, after allowing the mill to remain idle for quite awhile, sued the landlord for injury to the machinery caused by its inactivity, and for the loss of the profitable trade of the mill.   This Court held that it was the duty of the tenant to

have repaired the dam, and that he might have recovered from the landlord the cost thereof. ·

It is manifest, however, that this rule should not be applied to the case at bar so far as it relates to the two new cross fences which the defendant contracted to build, for the reason that the cost of the same, as shown by the proof, was too great, when compared with the value and benefit of the contract, to justify the imposition of this burden upon the tenant. It is unquestionably true that the tenant might, at his option, have built the new cross fences, and that he would have had the right to recover the cost of such building, either by way of recoupment of the rent, or, by paying the rent, have had his independent action therefor. But, as we have said, he was not bound to take upon himself such a heavy outlay of labor or money.

This duty to prevent and lessen the loss arising from another's breach of his contract only applies where it can be accomplished by reasonable expenditure of labor or money, the Court determining in each case what is a reasonable expenditure, regard being had to the relative cost, and the extent of the injury, and value of the contract; and, where deemed unreasonable, the law will not cast upon the tenant the responsibility and burden of repairs which the landlord had bound himself to make. *Hexter* v. *Knox*, 63 N. Y., 561; *Martin* v. *Hill*, 42 Ala., 275; *Hinckley* v. *Beckwith*, 13 Wis., 31.

If the landlord prevents the tenant from making the repairs by repeated promises to make them himself—that is, if the tenant in good faith delays to make them himself for that reason—he is not prejudiced in his claim to such damages as he may suffer from the continuance of the want of repairs, even in a case where, under the rule already announced, he would otherwise be required to make them himself. *Keyes* v. *Western Nt. State Company*, 34 Vt., 81.

Do the general rules already referred to—indeed, does any rule — justify the measure of damages adopted by the trial Judge in this case? We think not.

It seeks to leave the defendant, who has violated his duty, as near as may be where he would be had he performed it; but it falls far short of according to the plaintiff, who, so far as the new cross fences are concerned, is without fault, the compensation that he is entitled to. The value of the cross fences, as estimated by their *cost*, was not the subject of his contract, but their value *to the farm*, as a farm, for the purposes for which it was to be used.

He contracted for the use and occupation of the farm, with two cross fences. Failing to get this, he should, at most, only be required to pay rent for such farm as he did get. But, having paid his rent notes, he should, in this action for a breach of the contract, be allowed to recover the difference between the rental value of the farm

without the cross fences and the rental value as stipulated in the contract. 3 Sutherland on Damages, 166–168, and cases there cited.

We do not wish to be understood as intimating that there are not cases where the failure of the landlord to repair, where he has contracted so to do, may not render him liable for injury to crops or other property of the tenant, even to the point of special and consequential damages that are not remote, and are shown with sufficient certainty, the well established general principles being equal to the emergencies of particular cases, though often difficult of application.

Plaintiff's assignment of error is sustained, and judgment reversed.

But as the action of the trial Judge prevented the introduction of proof upon the rental value of the farm without the cross fences, we cannot, upon the record as it is presented, render such judgment as the Circuit Court should have rendered, as is our practice where the cause is tried without a jury. The case will, therefore, be remanded for a new trial in accordance with this opinion.