Herman E. Long *vs.* John Gieriet.

Submitted on briefs May 3, 1894.    Affirmed May 15, 1894.

No. 8678.

Landlord and Tenant.

Where the landlord agreed to make improvements for the benefit of the tenant, *held*, his failure to make them does not relieve the tenant in possession from liability to pay rent. *Held*, further, in such case the tenant is entitled to damages, the measure of which is the difference between the rental value of the premises without the improvements and their rental value with the improvements.

**Note held not to be accommodation paper.**

Where A. said to B., "Give me your promissory note, so I can raise money on it," *held*, it is not presumed the note was given for accommodation, and without consideration, when it appears that B. was indebted to A. on open account to at least the amount of .the note.

**Ordering verdict.**

*Held*, on the evidence in this case, the court below did not err in ordering a verdict for plaintiff.

Appeal by defendant, John Gieriet, from a judgment of the District Court of St. Louis County, *Charles L. Lewis*, J., entered against him May 20, 1893, for $1,660.29.

On February 2, 1891, the plaintiff, Herman E. Long, leased the unfinished Tremont House, No. 12 Lake Avenue North in Duluth to defendant for three years from the time it should be completed. Defendant took possession in June, 1891, and opened the hotel. On January 2, 1892, defendant gave to plaintiff four notes for $2,400 rent then past due and secured the first three notes February 20, following by mortgage on his hotel furniture. The debt was not paid and plaintiff took the goods and sold them July 22, 1892, under a power in the mortgage and applied the proceeds $969 upon the debt. He brought this action on the notes for the unpaid balance. The defendant answered as stated in the opinion. Plaintiff had a verdict by direction of the Judge for the balance due on the notes. Judgment was entered thereon and defendant appeals.

*Austin N. McGindley* and *George L. Spangler*, for appellant.

*J. H. Bingham*, for respondent.

CANTY, J. The question of whether or not the reply was served in time was a question of fact to be decided by the court below on the conflicting affidavits. Plaintiff was erecting a four-story building in Duluth, and in February, 1891, when the walls of the first story were up, leased a part of the first floor and basement and the three upper floors to defendant by a written lease for three years from May 1, 1891, at a rent ranging from $325 per month during the first part of the term to $375 per month during the last part of it, payable monthly in advance. The defendant went into possession between June 15th and July 1st of the same year, and remained in possession until about the last of July, 1892, when he was put

out of possession by forcible entry and detainer proceedings brought by plaintiff. During this time defendant also held, under two other leases from plaintiff, other adjoining premises, so that the total rent due from him to plaintiff under the three leases was from $450 to $475 per month.

On January 2, 1892, he gave plaintiff the three negotiable notes here in suit for the sum of $2,000, and on the 20th of February following secured the same by a chattel mortgage on his hotel furniture in the leased premises.

The defendant, in his answer, alleges that at the time of making said first-named lease plaintiff agreed to put an elevator, a system of electric bells, and gas and electric light fixtures into the building 'for defendant's use as a part of the leased premises; that he failed to do so; and that he fraudulently induced defendant to make the notes and chattel mortgage by representing to defendant that he would still do so, which he has never done; and that there was no consideration for the notes and mortgage.

The defendant set up as a counterclaim the conversion by plaintiff of the mortgaged property by taking possession of it and foreclosing this mortgage so alleged to be void. At the close of the testimony the court ordered a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

On the trial the court permitted defendant to introduce evidence to prove, subject to plaintiff's objection, that plaintiff so agreed to put such elevator, electric bells, gas and electric fixtures into the building as a part of the leased premises. Plaintiff claimed this evidence was incompetent, as it would contradict the written lease, and that the court below so decided in ordering a verdict for defendant. It is not necessary to decide whether such evidence was or was not competent. As long as defendant remained in possession, the failure to put in these improvements as agreed would not, as claimed by defendant, relieve him from the liability of paying rent. At most, such failure gave him only a claim for damages, the measure of which is the difference between the rental value of the leased premises with the improvements and their rental value without the improvements. There was no evidence to show this difference either offered or received.

This disposes of defendant's claim that the notes, even if given

for rent, were without consideration, because he was under no liability to pay rent. But defendant claims that the notes were not given for rent, as claimed by plaintiff.

Defendant testified that plaintiff said to him, "I need money, and I cannot put in those improvements unless I have money." "If you will give me notes, so I can raise money on the notes and mortgage, then I can go ahead and put in the improvements right away, so you can make money in good shape." The defendant nowhere testifies that plaintiff agreed to take care of the notes after he raised money on them, or that there was any express agreement that the notes were given to plaintiff merely for his accommodation. Of course, if defendant was not indebted to plaintiff, this would be implied. But it sufficiently appears, though he claims otherwise, that he was so indebted at least to the amount of the notes. Then it must be presumed that these notes were given as evidence of this indebtedness, whether plaintiff wanted them to raise money on them or not. Then we may take into consideration, in connection with this, that defendant's answer in the forcible entry suit was introduced in evidence for the purpose of proving his sworn statement in that answer that these notes were given for rent. His failure to make that answer a part of the settled case, to say the least, only increases the presumption that the action of the court in ordering a verdict was justified by the evidence. The defendant failed to rebut the presumption of consideration which the law makes in favor of the notes. But we may add to this the clear and satisfactory evidence introduced on behalf of plaintiff that the notes were given for rent. The other assignments of error are without merit.

The judgment appealed from should be affirmed. So ordered.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 194.)

Application for reargument denied May 28, 1894.