(17 Misc. Rep. 629)

## JACKSON et al. v. DOHERTY.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

PLEADING—VARIANCE.

> In an action for rent, a bill of particulars of a counterclaim for injuries to certain property caused by the negligence of the landlord does not authorize a judgment for defendant on the ground that, in consequence of the landlord's failure to keep his agreement, the difference in the value of the use of the premises as they were, and as the landlord agreed to put them, equaled the amount of rent sued for.

Appeal from First district court.

Action by Henry H. Jackson and others against Frederick Doherty for rent. There was a judgment in favor of defendant, and plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George P. Gordel, for appellants.

George B. Ashley, for respondent.

McADAM, J. The action is for $160, a balance due for rent of premises No. 163 Lafayette avenue, Brooklyn, under a written lease for a term commencing October 15, 1895, and terminating May 1, 1897. By one of the covenants of the lease the tenant is to do all repairs to the premises, and to keep them in repair. Prior to the execution of the lease, however, the tenant examined the premises, and found they needed repairs, and the landlords conceded on the trial that "whatever fixing needed to be done" they would do. It is evident, therefore, that the parties understood that the landlords should first put the premises in good repair, and that by the covenant of the lease the tenant was to keep them in that condition. On October 3, 1895, four days before the lease was executed, the plaintiffs wrote to the tenant's mother respecting the house,

requesting her to call and make the lease, so that they could "get the men to work immediately"; referring no doubt to their agreement to put the premises in repair. The plaintiffs apparently neglected this duty, for a letter and two postal cards were mailed by them after the lease was executed, promising to send the painter and plumbers to attend to whatever was to be done. The action was brought March 19, 1896, and the defendant is said to have abandoned the premises shortly afterwards, the exact date not appearing. The pleadings were oral, the complaint being, "Rent due," and the answer, "General denial. Counterclaim." The defendant furnished a bill of particulars by order of the court, in amplification of his pleading, in these words:

Damage caused by falling of the ceiling in front parlor, the result of defective plumbing known to plaintiffs, and by them agreed to be repaired, but neglected, as follows:

| | |
|---|---:|
| Parlor lamp destroyed.............................................. | $ 35 00 |
| Injury to piano-forte.............................................. | 15 00 |
| Injury to carpet.................................................. | 100 00 |
| Injury to other furniture......................................... | 40 00 |
| Bric-a-brac & ornaments broken.................................... | 15 00 |
| | $205 00 |

The effect of the bill of particulars was to restrict the proofs, and limit the recovery to matters set forth in it. Bowman v. Earle, 3 Duer, 691; Matthews v. Hubbard, 47 N. Y. 428; 2 Wait, Prac. 252; Wait v. Borne, 123 N. Y. 592, 608, 25 N. E. 1053. The justice admitted whatever proof the defendant offered upon the items of damage claimed, and in rendering judgment said:

"The tenant was justified in leaving, and, though he cannot recover for the damage he sustained from injury to his carpets or other property, he is entitled to a reduction of rent caused by the impaired value of the premises because of the landlord's failure to repair. Taking into consideration all the testimony, I think that in consequence of the landlord's failure to keep his agreement, the difference in the value of the use of the premises as they were and as the landlord agreed to put them is, fairly, at least the amount sued for."

The justice therefore disallowed every item of damage set forth in the defendant's bill of particulars, and extinguished the plaintiffs' claim of $160 for rent due according to the terms of the written lease because of the breach of the independent agreement made before the letting to put the premises in repair. There are two objections fatal to this ruling. In the first place, the damages allowed are not claimed in the bill of particulars, which, by its terms, restricted the counterclaim to the consequences of defective plumbing or negligence. And, secondly, there was no evidence offered establishing the difference in dollars and cents between what the premises would have been worth with the repairs made and their actual value without them. If this item of damage had been stated in the bill of particulars, or the parties had, without objection, litigated the same, and the evidence warranted the finding made respecting it, the judgment might be affirmed. But, in the absence of evidence upon the subject, except that inferable from the fact that premises in tenantable repair are presumably worth more than

premises not in such condition, there is no legal basis for holding that the difference amounts to $160, the amount fixed by the justice, or any other sum. When the action is for breach of covenant it is well established that the damages to be recovered must not only be averred, but must be shown with reasonable certainty, and not left to speculation and conjecture (Neary v. Bostwick, 2 Hilt. 517, and cases cited), and, if not so substantiated, the party must be content with nominal damages.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.