ROBERT MCCARDELL *vs.* EUGENE L. WILLIAMS.

A. purchased an estate which his grantor had previously leased to B. by an instrument under seal but not recorded. Afterwards, the rent being in arrears, A. brought an action of assumpsit against B. to recover the same.

*Held*, that the action should have been debt or covenant :

*Held*, further, that as A. had notice of the lease prior to his purchase of the estate, the statute in regard to recording had no application.

B. made a payment of rent to A., saying the payment was only for use and occupancy of the premises, and at the time of payment denied plaintiff's right to receive the money, and declared that he did not recognize the relation of landlord and tenant between them :

*Held*, that the payment was an attornment by B. to A.

A purchaser of an estate subject to a lease containing a covenant by the lessor to make exterior repairs, takes his interest in the leasehold premises subject to the burden of the covenant.

In case the landlord fails to make such repairs the tenant has several remedies—

    *a.* He may abandon the premises if they become untenantable by reason of want of repair.

    *b.* He may make the repairs and deduct the cost from the rent.

    *c.* He may occupy the premises without repair and recoup his damages in an action for the rent.

    *d.* He may sue for damages for breach of the covenant to repair.

DEFENDANT'S petition for a new trial.

*February* 8, 1897. MATTESON, C. J. The plaintiff brings this action in assumpsit, notwithstanding the fact that the lease is a sealed instrument, his theory being that it was void as a lease except as between the immediate parties to it, because it was not recorded. The case shows, however, that the plaintiff, when he purchased the reversion, took also a formal transfer of the lease to himself. Having had notice of the lease prior to his purchase of the estate, the statute in

regard to recording has no application. We are of the opinion that the action should have been debt or covenant.

As it is probable that another suit may be brought, it may perhaps be well for us to give our opinion upon other questions which have been made.

The lease contains a covenant that the lessor, Wright, should keep the exterior of the leasehold premises in good repair. The plaintiff, as assignee of the reversion, took the interest in the leasehold premises subject to the burden of this covenant. 2 Tayl. Land & T. §§ 437, 439. Where a landlord has covenanted to repair and does not do so, the tenant has several remedies : (a) He may abandon the premises if, by reason of want of repair, they have become untenantable. *Sheary* v. *Adams*, 18 Hun. (N. Y.) 181 ; *Lawrence* v. *Burrell*, 17 Abb. (N. Y.) n. c. 312 ; *Prescott* v. *Otterstatter*, 85 Pa. St. 534 ; *Bizzell* v. *Lloyd*, 100 Ill. 214 ; *Lewis* v. *Chisholm*, 68 Ga. 40. (b) He may make the repairs and deduct the cost from the rent. *Sparks* v. *Bassett*, 49 N. Y. Super. Ct. 270 ; *Myers* v. *Burnes*, 35 N. Y. 269 ; *Wright* v. *Lattin*, 38 Ill. 293. (c) He may occupy the premises without repair, and recoup his damages in an action for the rent. *Westlake* v. *DeGraw*, 25 Wend. 669 ; *Wright* v. *Lattin*, 38 Ill. 293. (d) He may sue for damages for the breach of covenant to repair. *Lewis* v. *Chisholm*, 68 Ga. 40 ; *Block* v. *Ebner*, 54 Ind. 544 ; *Buck* v. *Rodgers*, 39 Ind. 222 ; *Hexter* v. *Knox*, 39 N. Y. Super. Ct. 109. And see 12 Am. & Eng. Ency. L. 726. The defendant requested the Common Pleas Division to rule in accordance with proposition (a), but the court refused to so rule and held that the only remedy of the defendant was that stated in proposition (c). We think the court erred in its ruling.

We think that payment of rent to the plaintiff by the defendant on June 29, 1894, on the plaintiff's threat of suit, must be regarded as an attornment by him to the plaintiff, though the payment was expressed to be merely for the use and occupancy of the premises, and was accompanied by a protest and the denial of the plaintiff's right to receive the money, and also a declaration that the defendant did not

recognize the relation of landlord and tenant as existing between him and the plaintiff.

Case remitted to the Common Pleas Division, with direction to enter judgment for the defendant for costs.

*Edward D. Bassett & Edward L. Mitchell,* for plaintiff.

*Irving Champlin & Dexter B. Potter,* for defendant.