## Ross v. Stockwell.

[No. 2,023.   Filed January 13, 1898.]

ACTION.—*When Debt Not Due.*—*Attachment.*—A suit for a debt not due at the commencement of the action is permitted by section 925, Burns' R. S. 1894 (913 Horners' R. S. 1897), only upon the condition that one or more of specified grounds of attachment be shown and maintained.  *pp. 87, 88.*

PLEADING.—*Landlord and Tenant.*—*Rents.*—*Attachment.*—A plaintiff cannot complain of the action of the court in overruling a demurrer to an answer to a complaint for rent, directed to the portion of the complaint relating to the rent not due at the commencement of the action, where he admitted that an attachment proceeding brought by him for such rent not yet due could not be maintained.  *p. 88.*

LANDLORD AND TENANT.—*Lease.*—*Covenant.*—Where a lease contains a covenant on the part of the lessor to make improvements or repairs upon the leased premises, and there has been a breach of the covenant, the lessee may himself make the improvements and recover the expense from the lessor, or, without making them, he may recover from the lessor, ordinarily, an amount representing the consequent diminution in the rental value of the leased property.  *pp. 88, 89.*

SAME.—*Lease.*— *Counterclaim.*— *Failure to Repair.*— *Opinion Evidence.*— Where in an action brought against a lessee for rent defendant files a counterclaim alleging the failure of plaintiff to make repairs to the leased premises as contained in the lease, the admission in evidence of the opinion of witnesses as to the amount of damages caused by failure to make such repairs is reversible error.  *pp. 88, 89.*

From the Monroe Circuit Court.  *Reversed.*

*Duncan & Batman* and *W. H. East,* for appellant.

*East & Miller,* for appellee.

BLACK, J.—Appellant sued appellee for the recovery of rent, the complaint showing that a certain portion of the amount claimed was due at the commencement of the action, and that the remainder thereof was not then due.   There were proceedings in attachment, the complaint stating statutory grounds there-

for and being verified. The appellee answered specially as to the attachment, and filed three paragraphs of answer to the complaint for rent, numbered two, three, and four.

The appellant wholly failed to sustain the attachment, concerning which it is said in the brief for the appellant, "It is but fair to state, at the outset, that the special verdict wholly fails to show any grounds for attachment, so that branch of the case had as well be dismissed from consideration." Demurrers to the paragraphs of answer numbered three and four were overruled.

One objection urged in argument to the third paragraph, and the only one made to the fourth, related to the failure to file therewith a written instrument, or copy thereof, as an exhibit; but this objection has been met by supplying the missing exhibit by *certiorari*. The only other objection preferred against the third paragraph of answer seems to be made without properly observing that it was not directed against the entire claim for rent set up in the complaint, but was expressly limited to the portion of the complaint relating to rent not due at the commencement of the action, and in it the appellee sought to confine the recovery against her to the rent then due.

Our statute relating to the subject of attachment provides (section 925, Burns' R. S. 1894, 913, Horner's R. S. 1897), that for certain causes the plaintiff shall be entitled to an attachment, whether his cause of action be due or not. The suit could not be maintained for the alleged indebtedness, shown by the complaint to be not due, if there were not a subsisting concurrent attachment accompanying the action for such debt. A suit for a debt not due at the commencement of the action is permitted by the statute only upon the condition that one or more of certain

specified grounds of attachment be shown and maintained. See *Gowan* v. *Hanson*, 55 Wis. 341, 13 N. W. 238.

In view of the appellant's expressed contentment with the findings in the special verdict relating to the attachment proceedings, he could not claim to be harmed by the overruling of his demurrer to an answer directed solely to the portion of his complaint which related to a demand that could not be upheld without maintaining his attachment. It being conceded that no ground for attachment existed, it follows that there could be no recovery in this case upon a demand not matured at the commencement of the action. While it is not pretended that there could be such recovery, and the third paragraph of answer is not assailed for failure to state a sufficient defense as to the claim for rent not due, it is attacked upon the alleged reason that it does not present a sufficient defense to the claim for rent due. Such objection, based upon a misapprehension of the purport of the answer, is not well taken.

In the fourth paragraph of answer the appellee set up by way of counterclaim the failure of the appellant to perform the agreement contained in the lease, that he would repair the leased premises by papering certain rooms and by putting a partition in the dining room, the premises being let and used as a hotel. On the trial, the husband of the appellee, testifying as a witness in her behalf, was permitted, over the appellant's objection, to answer the following question: "You may state, if you know, what Mrs. Stockwell was damaged by reason of the failure of plaintiff to make said improvements mentioned in said contract." The witness answered: "Ten dollars per day." The defendant, testifying as a witness in her own behalf, was permitted, over the appellant's objection, to answer the

Ross *v.* Stockwell.

following question: "You may state to the jury what damage, if any, you sustained by reason of the failure to put up the partition and to paper the rooms." The witness answered: "About two dollars per day."

In the special verdict the jury awarded to the appellee on her counterclaim a greater amount than they awarded to the appellant, and judgment was rendered accordingly. By these interrogatories the witnesses were called upon to state their opinions, and by their answers they gave their widely differing conclusions upon the very point that was to be decided by the jury.

Where the lease contains a covenant on the part of the lessor to make improvements or repairs upon the leased premises, and there has been a breach of this covenant, the lessee may himself make the improvements and recover the expense from the lessor, or without making them he may recover from the lessor, ordinarily, an amount representing the consequent diminution in the rental value of the leased property. See *Hopkins* v. *Ratliff*, 115 Ind. 213; *McCoy* v. *Oldham*, 1 Ind. App. 372; *Taylor* v. *Lehman*, 17 Ind. App. 585.

Elements of supposed damage may have formed the basis of the estimates thus given by these witnesses, which could not legitimately be considered by the jury, and which, without proof of their existence as facts, and though not in themselves considered by the jury, would enter into the assessment of damages through the acceptance by the jury of the decision of a witness upon a matter which was within the province of the jury alone to determine. Because of the admission of this evidence, the motion for a new trial should have been sustained. The judgment is reversed, and the cause is remanded for a new trial.