PARTRIDGE v. DYKINS *et al.*

No. 711    Opinion Filed January 10, 1911.

(113, Pac. 928.)

1.   **LANDLORD AND TENANT — Leases — Covenants — Conditions Precedent.** One of the covenants in the lease of a farm for one year was that the lessors were to inclose the premises with fence sufficient to turn live stock, the same to be completed in time for the occupancy thereof by the lessee. At the time of its execution, the lessee was in possession and enjoyed the premises until August of that year, when he abandoned same, but returned in October and harvested a crop of cane thereon. **Held,** that the covenant to repair was not a condition precedent, and that the lessors were entitled to recover the rent, notwithstanding their breach of said covenant.

2.   **LANDLORD AND TENANT—Actions for Rent—Cross-Action for Failure to Repair—Measure of Damages.** In an action for rent by a landlord against his tenant under a lease, the measure of defendant's damages, in a cross-action for failure to fence, is the difference between the rental value of the premises as they were and what they would have been if repaired as covenanted in the lease, taking into consideration the purposes for which they were to be used.

(Syllabus by the Court.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

Action by W. R. Dykins and another against John A. Partridge.   Judgment for plaintiffs, and defendant brings error.   Affirmed.

*Fred S. Caldwell,* for plaintiff in error.
*S. A. Byers* and *W. L. McCann,* for defendants in error.

TURNER J.   On December 28, 1907, W. R. Dykins and Della Dykins, defendants in error, as plaintiffs, sued John A. Partridge, plaintiff in error, before a justice of the peace in Oklahoma county.   Their second amended bill of particulars substantially states that plaintiff is justly indebted to them $150, balance due for the rent of their farm for 1907, by virtue of the terms of a lease contract therewith filed as an exhibit; that while hold-

ing under said lease for the year 1907 defendant made a crop (describing it) and, after alleging statutory grounds therefor, asked that the same be attached to satisfy their lien as landlords, which was done. For a second cause of action, they alleged that under the terms of the lease defendant agreed to surrender possession of the demised premises at the expiration of his term in as good condition as they were when he took possession of them, "wear and tear excepted"; that he had violated said agreement by making excavations in the cellar of the dwelling house situated thereon, and thereby injured its foundation walls, to their damage $50, and prayed judgment for $200. For answer defendant, after general denial, admitted the lease and the grounds of attachment, but denied the lien, and averred that if any rent was due it was a balance of $148.60, but that none was due, because he says that plaintiffs covenanted in the lease to put in proper repair the paper on the walls and ceiling of said house and inclose the premises with a fence sufficient to turn live stock, the same to be completed in time for occupancy thereof by defendant, and furnish sufficient oil and paint, and brushes to apply the same, to put in repair the woodwork of the rooms of said house, all of which they neglected and refused to do. And, by way of cross-petition, alleged that, because of plaintiffs' failure to inclose the leased premises as agreed, defendant was compelled to catch and securely tie up each head of his live stock kept thereon each night for a period of 100 days to prevent them from straying away, to his damage $50, and for loss of time in hunting up such stock as did stray from the premises, owing to plaintiff's breach of the covenant to fence, he says he was damaged in the further sum of $25, and, by reason of his inability to turn his stock upon the grass lands on the premises owing to said breach, he was damaged in the further sum of $100, and prayed damages in all for $175. After trial before the justice the cause was appealed to the county court, where, on trial anew, judgment was rendered in favor of plaintiffs for $96.45, and defendant brings the case here.

The testimony discloses that the term conveyed in the lease

relied·on commenced February 1, 1907, and ended January 31, 1908; that the lease was executed about April 1, 1907, at which time defendant was in possession of the demised premises under a prior lease between the same parties, which was intended to be superseded by said new lease; that $150 of the consideration of $288.45 was paid, cash in hand, on the date of its execution; that the balance was therein agreed to be paid January 1, 1908; that the crop attached was raised on the leased premises, which was abandoned in August of that year, and that in October following defendant returned and harvested a crop of cane thereon. The testimony also disclosed that plaintiff breached the covenant to fence, owing to which defendant was damaged as set· forth in his answer. It is insisted, in effect, that the duty to inclose the leased premises with a fence sufficient to turn live stock, as stipulated in the lease, was a condition precedent, to be performed by plaintiffs before they could maintain an action for the recovery of the rent, and that, as plaintiffs had failed to show *prima facie* a performance thereof, it was error for the court to refuse to peremptorily instruct the jury to that effect. It is also assigned that the court erred in refusing to charge the jury in effect that, should they find that plaintiff did not perform said condition precedent, then their verdict should be for defendant and against the plaintiff on the issue of rent.

There was no error in this. Said covenants to repair and to pay rent are independent and not dependent. Defendant, having taken possession of the demised premises under the lease, is bound to pay the stipulated rent. It is no defense in a suit therefor that said covenant, on behalf of the landlord, is not performed. In *Lewis & Co. v. Chisholm,* 68 Ga. 40, the landlord sued out a distress warrant for rent under a written contract. The defense was that the same was not due or to become due because plaintiff had failed to keep the premises in repair as he had agreed to do, by reason of which defendants were forced to leave the place. The fourth ground of the motion for a new trial was found in the charge of the court:

"The court is of opinion and so instructs you that, under the contract of lease, which you have out before you, the covenant of the landlord to make repairs is an independent covenant, and a mere failure to make repairs to the extent of merely diminishing the value of the use of the premises, and not to entirely destroying it, would not defeat his right to recover.     *     *  ·  *  "

The Supreme Court, speaking of those covenants, quoting approvingly from Taylor's American Landlord and Tenant (7th Ed.) § 265, said:

"If dependent, they are in the nature of conditions, and are precedent each to the other, and in that case the non-performance of one is not only a defense to the exaction of performance by the other, but is ground for an action, without a tender of performance, by the other. If, however, they are independent, as where a landlord engages to keep the premises in repair, or to place certain improvements on them within a specified time, his nonperformance does in neither case discharge the tenant's covenant to pay rent. (*West v. Emmons*, 5 Johns. 179; *Slocum v. Despard*, 8 Wend. [N. Y.] 615; *Morris v. Sliter*, 1 Denio [N. Y.] 59; *Couch v. Ingersoll*, 2 Pick. [Mass.] 292.)"

—And sustained the charge. See, also, 24 Cyc. 1159; 18 Am. & Eng. Cyc. Law, 1, p. 230, note 5; *Doolittle v. Selkirk*, 7 Misc. Rep. 722; *Rubens v. Hill*, 213 Ill. 532, 72 N. E. 1127; *Watters v. Smaw*, 32 N. C. 292; *Long v. Gieriet*, 57 Minn. 278, 59 N. W. 194; *Newman v. French et al.*, 45 Hun, 65; *Kelsey v. Ward*, 16 Abb. Prac. (N. Y.) 98; *Huber v. Ryan*, 26 Misc. Rep. 428, 56 N. Y. Supp. 135.

Neither did the court err in instructing the jury that:

"The measure of damages, if any, which defendant is entitled to recover in this case is the amount which will compensate him for all the detriment approximately caused thereby, or which in the ordinary course of things would be likely to result therefrom, but the same is limited to the difference between the reasonable rental value in case of the farm in question for the year 1907, inclosed with fence sufficient to run live stock, as provided in the lease, and its condition during said year, as occupied by the defendant; but the jury in arriving thereat must take into consideration the loss of pasture sustained by the defendant, and such other detriment as was caused to him thereby" ·

—for the reason that, after substantially stating the rule, it charged that in addition thereto he might recover for the loss of pasture, and such other injury as was caused to him thereby. Of this charge defendant had no reason to complain. His measure of damages was the difference between the rental value of the premises as they were and what they would have been if repaired as covenanted in the lease, taking into consideration the purpose for which they were to be used. *Bien & Co. v. Hess,* 102 Fed. 436, 42 C. C. A. 421; *Cleninghan v. McFarland,* 16 Daly, 402, 11 N. Y. Supp. 719; *Jackson et al. v. Doherty,* 17 Misc. Rep. 629, 40 N. Y. Supp. 655; *Ross v. Stockwell,* 19 Ind. App. 86, 49 N. E. 50; *Leick v. Tritz,* 94 Iowa, 322, 62 N. W. 855; *Biggs v. McCurley, Ad.,* 76 Md. 409, 25 Atl. 466; *Cook, App. v. Soule et al.,* 56 N. Y. 420; *Long v. Gieriet, supra; Parker v. Meadows,* 86 Tenn. 181, 6 S. W. 49; 18 Am. & Eng. Enc. Law, 233. This the jury under said instruction found to be at least the difference between $150, the balance of the rent sued for, and $96.45, the amount of their verdict for plaintiff.

Finding no error in the record, the judgment of the lower court is affirmed.

DUNN, C. J., and KANE and WILLIAMS, JJ., concur; HAYES, J., not participating.