No. 21,229.

E. S. SEAPY, *Appellant,* v. R. V. SMART, *Appellee.*

SYLLABUS BY THE COURT.

LEASE—*Rentals—Share of Crops—Increase of Stock—Default of Landlord—Remedies.* Where a farm is rented on the condition that the tenant shall pay the landlord a certain share of the crops, and it is also agreed that the landlord shall provide cattle and hogs, the increase and profit from them to be divided on a specified basis, and the landlord fails to furnish the cattle and hogs in accordance with his agreement, but the tenant continues to occupy and raise crops upon the farm after the breach of the agreement by the landlord, the tenant is not relieved from the payment of rent, but is entitled to recover or recoup the damage actually sustained by reason of the landlord's default.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 12, 1918. Reversed.

*Archie D. Neale,* of Chetopa, for the appellant.

*Al. F. Williams,* and *F. W. Boss,* both of Columbus, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by E. S. Seapy against R. V. Smart to recover rent upon a farm lease. At the trial both parties moved for judgment upon the pleadings. Judgment was rendered in defendant's favor for costs, and the plaintiff appeals.

The lease in question was originally entered into between E. J. Votaw and the defendant,and was for a term commencing January 1, 1912, and ending February 28, 1915. The rent agreed upon was one-half of the nuts and crops raised, one-half of the milk sold, and one-half of the increase from certain stock. The lease contained a covenant by the landlord "to stock the farm with cows and brood hogs, to the value of $1,500 to $2,000, or what the farm will carry properly, this to be done within the first year."·

The petition, filed in January, 1915, alleged that the plaintiff in June, 1912, became the owner of the land, and through an assignment of the lease became entitled to the rentals due under it; that since plaintiff's purchase of the land and lease defendant had continued to occupy and cultivate the farm, but had refused to pay plaintiff any rent; and that the value of the nuts and crops raised on the farm for the years 1913 and 1914 amounted to $4,400, of which amount plaintiff was entitled to one-half.

Defendant's answer admitted the execution of the lease, plaintiff's ownership of the farm and his own occupancy thereof, but he alleged that the value of the crops raised on the farm for the time mentioned was not $4,400 as stated by plaintiff, and did not exceed $2,000. The defense alleged was the failure to stock the farm with cattle and hogs as provided in the lease, resulting in defendant's inability to carry out the terms of the lease on his part. It was further alleged as a counterclaim that he had been damaged in the sum of one-half of $6,240, being the aggregate total of various items of profit that defendant estimated he would have realized had the landlord performed his covenant. There was also an allegation to the effect that at the time plaintiff purchased the farm he knew of the lease, of Votaw's failure to fulfill his covenant, and of the fact that defendant had made claim for damages from

Votaw and brought suit against him because of his failure to comply with the agreement; and that by reason of plaintiff's having succeeded to Votaw's interest in the lease he took the place burdened with the obligations of Votaw and was indebted to defendant in the sum of $3,120, less whatever sum plaintiff might be entitled to by reason of the crops raised on the premises.

Plaintiff's reply admitted the failure to furnish the stock as the lease provided, and further alleged that defendant was not entitled to recover anything by reason thereof, because he had already set up his claim for damages in the suit against Votaw; that the damages sought were too remote; and that a recovery, if any, could only be had against Votaw.

The grounds of the ruling awarding judgment in favor of the defendant upon the pleadings are not shown by the abstract and, no brief or argument having been presented in behalf of the defendant, his theory of the case has not been brought to the attention of this court. As the pleadings stood, the plaintiff was entitled to recover from $1,100 to $2,200 as his share of the crops grown on the farm, unless the breach of the stipulation in the lease, that the landlord should furnish cattle and hogs, relieves the tenant from paying rent. It did not have that effect. The agreement to provide live stock which should remain the property of the landlord, the profits to be divided on a specified basis, was independent of that providing for the growing of corn and other crops and the payment to the landlord of a share of the crops. The tenant continued in possession and use of the farm after the landlord had made default. We need not decide whether the nonperformance of the landlord so affected the rights of the defendant and diminished his enjoyment that it might have been treated as an eviction and to have warranted him in surrendering the premises, since he continued in the occupancy of the farm after the landlord had broken his agreement. It has frequently been decided that the failure of the landlord to perform a part of his agreement will not relieve the tenant in possession from the payment of rent, but that he may recoup the actual damages resulting from the landlord's nonperformance. (*Long v. Gieriet,* 57 Minn. 278; *Lewis & Co. v. Chisolm,* 68 Ga. 40; *Association v. Company,* 67 N. H. 450;

*Partridge v. Dykins et al.,* 28 Okla. 54; *Rubens v. Hill,* 213 Ill. 523; 1 Taylor's Landlord and Tenant, 9th ed., § 265; 18 A. & E. Encycl. of L., 2d ed., 230.)

The plaintiff, who had succeeded to the rights and duties of Votaw, was entitled to the rent due, diminished by the amount of any damages sustained by the defendant by reason of the landlord's breach of the agreement. Under the pleadings it was necessary to introduce evidence as to the amount of rent due from the defendant, and also as to the loss which the defendant had sustained through the landlord's fault. The fact that defendant had a suit pending against Votaw for nonperformance does not preclude the setting up of the defense against the plaintiff. The latter had stepped into the shoes of Votaw and assumed the obligations and liabilities of Votaw; but, of course, if the defendant proceeds against them separately only one satisfaction can be obtained.

The judgment is reversed and the cause remanded for further proceedings.