**DITTMAN et al. v. McFADDEN.**

No. 21276. Opinion Filed Oct. 18, 1932.

Holliman, Bailey & Brewer and Campbell & Ray, for plaintiffs in error.

Pennel & Harrison, for defendant in error.

HEFNER, J. This is an action brought in the district court of Washington county by Lena McFadden against M. R. Dittman, C. A. Dittman, and John F. Evans, partners, to recover the sum of $625 together with interest thereon for rent on a certain building located in the city of Bartlesville.

Plaintiff alleges that on June 1, 1925, she entered into a written contract with defendants whereby she leased the building to them for a period of five years for an agreed rental of $125 per month; that, after occupying the premises for several months, defendants subleased the same to John S. Lawrence, who entered into possession and conducted a drug store until December, 1928, at which time he abandoned the building; and that she was unable thereafter to rent it and, by reason thereof, defendants are indebted to her for five months rental.

The lease contained the following provision:

"The outside of said building and the roof, the first party agrees to keep in repair during the term of this lease."

The defense was that plaintiff breached her covenant to keep the building in repair and that, by reason of such breach, defendants were entitled to abandon the lease. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff. Defendants have appealed and assign as error the refusal of the court to give the following requested instruction:

"You are instructed that if you find and believe from a fair preponderance of the evidence herein that the premises in controversy became untenantable or unfit for the purpose for which they were leased by reason of plaintiff's failure to repair leaky show windows which prevented a proper display of merchandise and deprived the occupant, Lawrence, of the use of said windows and that said plaintiff had knowledge of the condition of said windows and failed or refused to repair the same when requested, then, in that event, the said Lawrence, as the occupant of said premises under the said defendants, had a right to abandon said premises and said defendants had a right to abandon the same and surrender said lease and terminate the same and they would not thereafter be liable for any rent for said premises until said plain-

tiff repaired said windows and made them fit for display purposes."

In our opinion, under the record here presented, the trial court committed no error in denying this request. The evidence shows that the building was leased by defendants for the purpose of conducting a drug store and ice cream business; it was equipped with a show window which, for several years during the period covered by the lease, leaked when it rained; this leak was caused by the glass settling and in doing so it had left an opening at the top of about 1/8th of an inch; that this window could have been repaired at a nominal cost. No other defects were claimed. Under this evidence, the defendants were not entitled to abandon the lease because of the failure of plaintiff to make this minor repair; but their remedy was by action for damages for breach of the covenant to repair. The lease does not provide for abandonment in the event plaintiff failed to fulfill the covenant to repair.

In the case of Partridge v. Dykins, 28 Okla. 54, 113 P. 928, this court held that covenants to make minor repairs and to pay rent are independent and not dependent covenants; and that the tenant has no right of abandonment because of the breach of such covenant.

The general rule is that if the leased premises, by reason of the failure of the landlord to make repairs, become unsafe or unfit for the purpose for which they were rented, the tenant may abandon the lease. Nelson v. Eichoff, 59 Okla. 210, 158 P. 370. But, where the repairs necessary to be made are of a minor nature, as in this case, the tenant cannot abandon the lease for a breach of the covenant to repair; he must resort to an action at law to recover his damages. The case of Nelson v. Eichoff, supra, clearly recognizes the distinction between cases of this character and cases wherein the premises are rendered unsafe or unfit for the purposes for which they were leased by failure of the landlord to repair. In the body of that opinion, at page 212 of 59 Okla., quoting from the case of Lewis & Co. v. Chisholm, 68 Ga. 40, the court said:

"Where a landlord covenants to keep premises in repair, his failure to do so, whereby their use by the tenant is impaired, will not work a forfeiture of the rent, unless the premises become untenantable and a constructive eviction results."

In 28 A. L. R. 1477, the author announces the following rule:

"If, as a result of the breach by the landlord of his covenant to repair, the leased premises become untenantable, uninhabitable, or unfit for the purpose for which they were leased, the tenant may abandon or surrender the leased premises, and thereby avoid liability for further rent"

—and in support thereof, cites Piper v. Fletcher (Iowa) 88 N. W. 380; Harthill v. Cook's Ex'r (Ky.) 43 S. W. 705; Pierce v. Joldersma (Mich.) 51 N. W. 1116; Rea v. Algren (Minn.) 116 N. W. 580; McCardell v. Williams (R. I.) 36 Atl. 719; Vincent v. Central City Loan & Invest. Co. (Tex. Civ. App.) 99 S. W. 428. At page 1470 of 28 A. L. R., the same author said:

"While ordinarily, upon breach by the landlord of his covenant to repair, it is optional with the tenant either to make the repairs at the expense of the landlord or to hold him for the damage naturally and proximately resulting from the breach, * * * there are cases of such peculiar circumstances that the duty rests upon the tenant to make the repairs. As, for example, where the cost of the repairs is trivial in comparison with the damages naturally resulting from the continued existence of the defect."

The trial court, in effect, instructed the jury that defendants were not entitled to abandon the lease because of the failure of plaintiff to repair the show window, but that defendants had a right to recoup their damages. Under the authorities herein cited, the instruction given was correct and there was no error in refusing defendants' requested instruction.

Defendants also contend that the court erred in excluding the testimony of the sub-tenant, John S. Lawrence, that, because of the leaky window, merchandise of the value of $100 was destroyed for him during the period from December, 1926, to December, 1928. There was no error in excluding this evidence, for the reason that the action was against the original tenants and not against the subtenant. The court permitted defendants to show the extent and nature of the leak in the window, and the fact that certain merchandise belonging to the subtenant was damaged by rain was immaterial under the issues raised.

Evidence that an attractive show window results in at least 40 per cent. of the gross sales of a well-conducted drug business was also excluded. We fail to see the competency of this evidence. Defendants did not attempt to recoup their damages, and, as heretofore stated, the window could have been repaired at a very nominal cost, and the mere fact that defendants might have been deprived of the use of same during rainy weather did not authorize them to abandon the lease.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.

Note.—See under (1) annotation in L. R. A. 1915C, 649; 4 A. L. R. 1461; 28 A. L. R. 1477; 64 A. L. R. 912; 16 R. C. L. 692; R. C. L. Perm. Supp. p. 4125.