[No. 15163. Department Two. April 14, 1919.]

## Jesse Gentry, *Appellant*, v. John Krause, *Respondent*.[1]

Landlord and Tenant (74) — Improvements — Damages for Breach. In an action for farm rent, the defendant is entitled to offset the diminished rental value by reason of the landlord's failure to perform his agreement to move a house upon the premises and fix up a comfortable home thereon.

Set-off and Counterclaim (11)—Claims Arising Out of Same Contract. In a landlord's action for rent, involving an accounting upon a cropping lease, in which it appeared that the landlord had collected the money due to the tenant for his part of the crop sold, the claim of the tenant therefor is a proper subject of counterclaim, arising out of the original contract of lease.

Costs (64)—On Appeal—Affirmance—Respondent Not Appearing. Where the respondent does not appear in the supreme court he is not entitled to costs on affirmance of the judgment.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered April 23, 1918, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*T. B. Southard* and *N. W. Washington*, for appellant.

[1]Reported in 180 Pac. 474.

MOUNT, J.—This action was brought to recover from the defendant $310.50 alleged to be due upon several causes of action. For answer to the complaint, the defendant denied any indebtedness to the plaintiff, and alleged by cross-complaint that the plaintiff was indebted to the defendant upon several causes of action. Upon issues joined, the case was tried to the court without a jury, and resulted in a judgment in favor of the defendant for $70.71. The plaintiff has appealed from that judgment.

The action, as it was finally tried, was in the nature of an accounting upon a farm lease between the appellant and the respondent. While appellant makes a number of assignments of error, he argues but two points:

First, it is claimed that the court erred in receiving evidence of the rental value of a house upon the premises. The facts in regard to this point are as follows: The appellant leased to the respondent a certain farm, in Grant county, by a written contract which provided, among other things, that the respondent was to farm said lands to alfalfa and wheat in a good and workmanlike manner and to deliver to the appellant one-half of the crop. The appellant agreed that he would move a part of a certain house upon the farm and "fix up a comfortable home" for the respondent. It was claimed by the respondent that the appellant failed to fix up the house as a comfortable home, and alleged that the house was uncomfortable and uninhabitable, and that he had been damaged thereby in the sum of $150. Upon the trial, the court permitted respondent to offer testimony to the effect that, if the house had been fixed up as a comfortable home, it would have been worth to him at least $10 per month, and that, in the condition it was left by the appellant,

it was worth less than $5 per month. Upon this evidence, the court allowed the respondent an item of $65.

If we understand appellant's contention correctly upon this point, it is to the effect that the respondent was to deliver to appellant one-half of the crop raised upon the farm, and that the condition of the house did not affect the crop or the rental which he was to pay to the appellant. It seems plain that, while the respondent was required to pay one-half the crop raised on the farm, he was entitled to a comfortable home in which to live; and this part of the lease not having been performed by appellant, he was clearly liable for whatever damages resulted to respondent therefrom. In the case of *Ingalls v. Beall*, 68 Wash. 247, 122 Pac. 1063, in considering this question we said:

"These authorities, it seems to us, render it clear that, where facts are pleaded as in this complaint, the diminished rental value of the premises, caused by failure of appellants to perform their covenant for the construction of the building, is a proper measure of damages. Indeed, it is difficult to see what other measure of general damages there could be."

It follows, therefore, that, since the appellant was bound by his contract of lease to furnish the respondent with a comfortable home, his neglect or refusal to do so may be recovered for; and it was therefore not error to receive evidence of the rental value of the house as it would have been if the appellant had complied with his contract.

Second, it appeared upon the trial that the appellant, with the consent of the respondent, sold for the respondent about three tons of hay of the value of $51, which money appellant collected and did not turn over to the respondent, but retained it, applying it upon what he deemed respondent was indebted to him. Appellant, at a later date, agreed to sell twenty tons

of his part of the hay at $15 per ton to a third party and accepted a cash payment of $50 to bind the bargain. Afterwards appellant entered into an agreement with respondent whereby respondent took this sale over and agreed to deliver his own hay to the third party. Thereafter the respondent delivered the hay, twenty tons, to the third party. At the time this action was commenced, the balance, $250, which was due for the twenty tons of hay, had not been collected; but before the trial, the appellant had collected this $250 and refused to turn it over to the respondent. At the trial, the respondent amended his cross-complaint to include this $250. Appellant argues upon this point that it was error of the trial court to consider this $250 and the $50 which had already been collected by the appellant, because it is not a proper matter to be offset against the items claimed by the appellant in his amended complaint, since it did not arise out of the original contract of lease.

We think it did, as a matter of fact, arise out of the original contract of lease. It was a part of the dealings between the landlord and his tenant in regard to the crop raised upon the farm. The landlord collected money which by right belonged to the respondent for hay sold by the respondent. As we have hereinbefore stated, the action resolved itself into an accounting between appellant and respondent; and it was the duty of the court to take into account all the items in controversy between the parties at the time of the trial in order to finally determine the condition of the account and do justice between the parties.

After carefully going through the record, we are satisfied that the trial court made no errors upon the trial.

The judgment is therefore affirmed.

The respondent has not appeared in this case, by brief or otherwise, and therefore is not entitled to costs upon the appeal.

Chadwick, C. J., Holcomb, Parker, and Fullerton, JJ., concur.